DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Chuck Oeder, Inc. ("Oeder"), appeals from the judgment of the Akron Municipal Court which vacated its prior entry of default judgment. This Court reverses.
 I. {¶ 2} On March 19, 2007, Oeder filed suit against Appellee, Gary Bower. On April 23, 2007, after the time period for Bower to answer had passed, Oeder moved for default judgment. On April 27, 2007, without leave of court, Bower filed an answer and counterclaim. On April 30, 2007, the trial court granted Oeder's motion for default judgment. On May 4, 2007, Bower moved to vacate *Page 2 
the default judgment against him. The trial court granted Bower's motion and vacated its earlier judgment on May 17, 2007. Oeder timely appealed the trial court's judgment, raising two assignments of error for review. For ease of analysis, we first address Oeder's second assignment of error.
 II. ASSIGNMENT OF ERROR II
"THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING DEFENDANT/APPELLEE'S MOTION TO VACATE THE DEFAULT JUDGMENT."
 {¶ 3} In its second assignment of error, Oeder asserts that the trial court erred when it granted Bower's motion to vacate. We agree.
 {¶ 4} The trial court's decision to grant or deny a Civ.R. 60(B) motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. Griffey v. Raj an (1987) 33 Ohio St.3d 75, 77. An abuse of discretion is more than an error of law or judgment; rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 5} In order for a party to prevail on a motion for relief from judgment under Civ.R. 60(B), it must demonstrate that it has met each of three requirements *Page 3 
as set forth by the Supreme Court of Ohio in GTE Automatic Electric,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146. Those requirements are as follows: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. Id. at paragraph two of the syllabus.
 {¶ 6} In determining whether the trial court erred, we are mindful that "Civ.R. 60(B) is a remedial rule to be liberally construed with a view toward effecting a just result." Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 21. "Any doubt should be resolved in favor of the movant so that cases may be decided on the merits." Blasco v.Mislik (1982), 69 Ohio St.2d 684, 688, citing GTE, 47 Ohio St.2d at 151.
 {¶ 7} In his motion, Bower relied upon Civ.R. 60(B)(1) and (5). Accordingly, we review the trial court's decision under each prong. This Court first notes, however, that the parties do not contest that Bower properly alleged a meritorious defense and that his motion to vacate was filed in a timely manner. Consequently, we review only the second prong of the GTE test.
Excusable Neglect {¶ 8} Excusable neglect *Page 4 
 "is an elusive concept which has been difficult to define and to apply. Nevertheless, we have previously defined `excusable neglect' in the negative and have stated that the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" (Citations omitted.) Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20.
We have previously stated that "[o]nly where the failure to respond is coupled with a complete lack of notice of the original motion may excusable neglect lie." (Citations omitted.) Zimmerman v. Rourke, 9th Dist. No. 04CA008472, 2004-Ohio-6075, at ¶ 9. "Likewise, the failure to file a responsive motion or paper is not justified as excusable neglect based upon * * * any general mistake where the party and attorney had notice of the legal paper demanding response." Id.
 {¶ 9} In his motion, Bower did not allege any conduct that could be labeled excusable neglect. In fact, Bower alleged no reason at all for his untimely filing. The trial court, therefore, could not rely on a finding of excusable neglect to grant Bower's motion to vacate.
Interests of Justice {¶ 10} The "catch-all" language of Civ.R. 60(B)(5) reflects "the inherent power of a court to relieve a person from the unjust operation of a judgment." State ex rel. Gyurcsik v. Angelotta (1977),50 Ohio St. 2d 345, 346. It is not a substitute for the enumerated grounds for relief from judgment, and substantial grounds must be present to vacate a judgment under Civ.R. 60(B)(5). Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, paragraphs one and two of the syllabus. *Page 5 
 {¶ 11} In his motion, Bower did not provide any grounds to support his motion. Rather, he relied upon his alleged meritorious defense to assert that the grant of default judgment should be vacated in the interests of justice. The Ohio Supreme Court has expressly rejected this argument. "Having failed to demonstrate excusable neglect * * *, appellant could not contend it should be relieved of the default judgment pursuant to Civ.R. 60(B)(5) simply because it had a meritorious defense."Caruso-Ciresi, Inc., 5 Ohio St.3d at 66. The trial court, therefore, erred to the extent it relied on Civ.R. 60(B)(5).
 {¶ 12} On appeal, Bower appears to assert that the trial court's ruling was proper because he never received notice of the default proceeding against him. Specifically, Bower argues that he filed an answer prior to judgment being entered against him and was therefore entitled to notice of default. Under Bower's final argument, the entry of default was void and he did not have to comply with Civ.R. 60(B). SeeDeutsche Bank Trust Co. v. Pearlman, 162 Ohio App.3d 164, 2005-Ohio-3545
(noting that a judgment that is void due to a lack of due process may be vacated without reference to Civ.R. 60(B)). Bower's argument, however, lacks merit.
 {¶ 13} Civ.R. 55 only requires notice when a party has previously appeared in an action. It is undisputed that Bower did not attempt to file an answer until after Oeder moved for default judgment. This Court has determined that "filing an untimely answer or motion for leave to plead after the application for a default *Page 6 
judgment does not constitute an appearance or entitle the defendant to notice of the default proceedings." Wingfteld, Bennett Baer, Inc. v.Armour (Apr. 3, 1991), 9th Dist. No. 14839, at *2, citing Casalinova v.Solaro (Sept. 27, 1989), 9th Dist. No. 14052, at *4. Bower's belated filing of an answer, therefore, was not an appearance under Civ.R. 55, and he was not entitled to notice of the default proceedings. Consequently, a lack of notice cannot form the basis to vacate the trial court's judgment.
 {¶ 14} Based upon the above, we find that the trial court abused its discretion when it granted Bower's motion to vacate. Oeder's second assignment of error has merit.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DEEMING DEFENDANT'S ANSWER AND COUNTERCLAIM TO HAVE BEEN FILED ON APRIL 27, 2007."
 {¶ 15} In its first assignment of error, Oeder asserts that the trial court erred when it allowed Bower to file an answer. Based upon this Court's resolution of Oeder's second assignment of error, its first assignment of error is moot and we decline to address it. See App.R. 12(A)(1)(c).
 III. *Page 7 {¶ l6} This Court declines to address Oeder's first assignment of error as it is moot. Oeder's second assignment of error is sustained. The judgment of the Akron Municipal Court is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellee. *Page 8 
DICKINSON, J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1