DECISION AND JOURNAL ENTRY
{¶ 1} Defendants/Appellants, Janette Starcher and Richard Starcher, appeal the denial of a motion to vacate default judgment entered against them and in favor of Plaintiff/Appellee, Indymac Bank, F.S.B. ("Indymac"), in the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On September 11, 2007, Indymac filed a foreclosure action against the Starchers alleging that the Starchers had defaulted on their obligations under a note in the amount of $284,000, which was secured by a mortgage on a home located in Sagamore Hills, Ohio. The Starchers were served with the complaint but did not file an answer or otherwise respond to the complaint. On December 26, 2007, Indymac filed a motion for default judgment against the Starchers with a certificate of service indicating service of the motion upon the Starchers by ordinary mail. On January 18, 2008, the trial court entered default judgment against the Starchers. On February 19, 2008, Janette Starcher filed a motion for relief from judgment. On March 17, 2008, Richard Starcher filed a motion to vacate. On April 4, 2008, the trial court *Page 2 
denied both motions. The Starchers timely appealed the April 4, 2008 entry related to the trial court's denial of Janette Starchers' motion for relief from judgment[1] and raise one assignment of error.
 Assignment of Error "The trial court erred in denying the motion for relief of [Janette Starcher] basing its decision that such a motion is not a substitute for an appeal."
 {¶ 3} In their sole assignment of error, the Starchers argue that the trial court's reasoning in denying Ms. Starcher's motion for relief from judgment was erroneous. The Starchers maintain that the trial court cannot simply rely upon the "rubric that `a Civ. R. 60(B) motion . . . is not a substitute for a timely appeal.'" The Starchers argue that they could not have presented their arguments on appeal as such arguments were never made part of the record due to the trial court's judgment. The Starchers argue that they are entitled to relief from that judgment because: (1) they were not served with the complaint or motion for default; (2) they were "lulled into inaction by Indymac Bank"; and (3) other conduct related to the servicing of their loan.
 {¶ 4} Civ. R. 60(B) provides:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." *Page 3 
 {¶ 5} To prevail on a motion for relief from judgment under Civ. R. 60(B), a party must demonstrate that (1) he or she has a meritorious defense or claim and that (2) circumstances arose under Civ. R. 60(B)(1)-(5). GTE Automatic Elec, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. The motion must also be made within a reasonable time. Id. This Court reviews a trial court's order related to a motion for relief from judgment pursuant to Civ. R. 60(B) for an abuse of discretion. Strack v. Pelton (1994),70 Ohio St.3d 172, 174. To establish an abuse of discretion, a party must show that the court's attitude is unreasonable, arbitrary or unconscionable and was not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 6} Ms. Starcher moved for relief from judgment under Civ. R. 60(B)(1), (3), and (5), but did not specifically align her arguments with these grounds. We will separately review the trial court's decision related to each of the grounds Ms. Starcher argued entitled her to relief.
1. Service.
 {¶ 7} Ms. Starcher first argued that she was not served with the complaint as established by docket entries dated 1/2/07 and 10/3/07. The trial court found that Ms. Starcher was indeed served with the complaint. This Court agrees. The docket and admissions of Ms. Starcher demonstrate she was served. The docket and record indicates that although service by certified mail failed, Ms. Starcher was served by regular U.S. mail on November 7, 2007. Service in this manner is proper under Civ. R. 4.6(D), which states that, "[s]ervice shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Moreover, in her motion for relief from judgment, Ms. Starcher admits she "received an ordinary copy of the complaint of foreclosure" after which she called her attorneys. *Page 4 
 {¶ 8} Similarly, Ms. Starcher argued that she was not served with the motion for default judgment. However, the trial court properly found that such failure of service is not grounds for relief from judgment because a motion for default judgment is not required to be served upon a party unless that party has appeared in the action. See Civ. R. 55(A). Moreover, the certificate of service on the motion for default judgment indicates regular mail service upon the Starchers on or about December 21, 2007. This Court agrees with the trial court.
2. Communications between the Starchers and Indymac after theforeclosure action was filed.
 {¶ 9} Ms. Starcher then argued that she did not respond to the complaint because Indymac "lulled [her] into believing responding to [the] complaint was unnecessary." Ms. Starcher asserted that her regular communication with Indymac employees "caused her to believe that she was not required to respond to the complaint of the plaintiff because she was resolving the problems and issues with [Indymac's] employees and agents." Ms. Starcher's affidavit, attached to her motion for relief, described these communications. The trial court found this argument to be substantive in nature and held that this argument should have been addressed during normal pleading practice, citing Citibank (SouthDakota), N.A. v. Masters, 07CA0055-M, 2008-Ohio-1001, at ¶ 20. We agree with the trial court that this argument is not grounds for relief from judgment but for different reasons.
 {¶ 10} Ms. Starcher failed to establish that Indymac's attempts to resolve her account while simultaneously pursuing a complaint for foreclosure was fraudulent or demonstrated misconduct that constituted grounds for relief from judgment. Civ. R. 60(B)(3) provides relief for "fraud, * * * misrepresentation or other misconduct of an adverse party[.]" "[T]he fraud or misconduct referred to in Civ. R. 60(B)(3) is fraud or misconduct material to obtaining the judgment, not fraud or misconduct upon which a claim or defense is based." LaSalle Nat'l.Bank *Page 5 v. Mesas, 9th Dist. No. 02CA008028, 2002-Ohio-6117, at ¶ 15, citingFifth Third Bank of W. Ohio v. Thorn (Feb. 23, 1994), 2nd Dist. No. 93-CA-19.
 {¶ 11} Thus, Ms. Starcher was required to demonstrate that Indymac acted fraudulently to obtain default judgment, and the conduct described in Ms. Starcher's motion and affidavit fail to do so. See Pearn v.DaimlerChrysler Corp. (2002), 148 Ohio App.3d 228, 2002-Ohio-3197, at ¶ 46-47 (finding party's evidence of fraud insufficient to warrant relief under Civ. R. 60(B)(3)). None of the communications described by Ms. Starcher demonstrate that Indymac told Ms. Starcher that the foreclosure action was being dismissed and/or that the Starchers did not need to respond to the complaint. Indymac did not give the Starchers any legal advice. Neither have the Starchers alleged that Indymac pursued the foreclosure action despite the fact that the Starchers cured the default.
3. Other arguments
 {¶ 12} Ms. Starcher's remaining arguments relate to Indymac's alleged improper servicing of her loan. The trial court found that these arguments were substantive in nature and "should have been addressed vis-À-vis an answer and motion for summary judgment in the underlying action." We agree. Such conduct, even if true, does not establish grounds for relief from judgment on the basis of Civ. R. 60(B)(3) or (5). The alleged conduct was not material to Indymac obtaining default judgment but would have been, if true, simply "fraud or misconduct upon which a claim or defense is based," and therefore would not entitle the Starchers to relief. LaSalle Nat'l. Bank at ¶ 15.
 {¶ 13} As to the catch-all provision of Civ. R. 60(B)(5), the Supreme Court of Ohio has held that Civ. R. 60(B)(5), reflects "the inherent power of a court to relieve a person from the unjust operation of a judgment." State ex rel. Gyurcsik v. Angelotta (1977),50 Ohio St.2d 345, *Page 6 
346. However, "[i]t is not a substitute for the enumerated grounds for relief from judgment, and substantial grounds must be present to vacate a judgment under Civ. R. 60(B)(5)." Chuck Oeder Inc. v. Bower, 9th Dist. No. 23784, 2007-Ohio-7032, at ¶ 10, citing Caruso-Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64, paragraphs one and two of the syllabus. In her motion, Ms. Starcher did not provide any additional grounds to support her motion other than those addressed above. Instead, she relied upon an alleged meritorious defense to support her position that the default judgment should be vacated to protect borrowers from the misconduct of lenders. As we noted in Chuck Oeder, "[t]he Ohio Supreme Court has expressly rejected this argument. `Having failed to demonstrate excusable neglect * * *, appellant could not contend it should be relieved of the default judgment pursuant to Civ. R. 60(B)(5) simply because it had a meritorious defense.'" Chuck Oeder at ¶ 11, quoting Caruso-Ciresi, Inc., 5 Ohio St.3d at 66.
 {¶ 14} Based on the foregoing, we hold that the trial court did not abuse its discretion when it denied Ms. Starcher's motion for relief from judgment.
 {¶ 15} The Starchers' assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 7 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
WHITMORE, J., DICKINSON, J., CONCUR
[1] Although both Richard and Janette Starcher are appellants, their assignment of error and argument on appeal only relates to Ms. Starcher's motion for relief from judgment, not Mr. Starcher's motion to vacate. *Page 1