[Cite as *Capital One Bank v. Graham*, 2011-Ohio-4932.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| CAPITAL ONE BANK | C.A. No.  25703 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SULAIMAN R. GRAHAM aka S. ROY GRAHAM | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO CASE No.  2009 CVF 0675 |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2011

---

WHITMORE, Judge.

{¶1} Defendant-Appellant, Sulaiman Graham, appeals from the judgment of the Stow Municipal Court, denying his motion to vacate a default judgment against him. This Court affirms.

I

{¶2} On February 19, 2009, Plaintiff-Appellee, Capital One Bank ("Capital One"), filed suit against Graham for breach of contract based on a delinquent credit card account. Graham was served at his home address by certified mail, and someone at that address signed the certified mail receipt on March 3, 2009. After Graham failed to file an answer or otherwise appear in the action, Capital One filed a motion for default judgment. The court entered default judgment against Graham in the amount of $853.92, plus interest, on June 23, 2009.

{¶3} On June 29, 2010, Graham filed a motion for relief from default judgment. Because more than a year had elapsed since the court entered judgment against him, Graham

only sought relief from judgment pursuant to Civ.R. 60(B)(5). Capital One opposed the motion, and Graham filed a reply. A magistrate reviewed the matter and determined that Graham failed to demonstrate that he was entitled to relief under Civ.R. 60(B). Graham then filed an objection to the magistrate's decision. On October 25, 2010, the trial court overruled Graham's objection and denied his motion to vacate the default judgment against him.

{¶4} Graham now appeals from the court's judgment and raises three assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II

### Assignment of Error Number One

"THE TRIAL COURT ERRED IN DENYING APPELLANT RELIEF FROM THE UNJUST OPERATION OF A DEFAULT JUDGMENT UNDER OHIO R. CIV. R. 60(B)(5)."

### Assignment of Error Number Two

"THE TRIAL COURT ERRED IN FINDING APPELLANT WAS PRIMARILY LIABLE SIMPLY BECAUSE APPELLANT EXECUTED AND SIGNED THE PRIMARY BUSINESS CREDIT CARD APPLICATION."

### Assignment of Error Number Three

"THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE STATE AND FEDERAL STATUTES GOVERNING CREDIT CARD TRANSACTIONS."

{¶5} In his assignments of error, Graham argues that the trial court erred by denying his motion to vacate under Civ.R. 60(B)(5). We disagree.

{¶6} This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Fields v. Cloyd*, 9th Dist. No. 24150, 2008-Ohio-5232, at ¶9. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049-M, 2009-Ohio-3139, at ¶18. Civ.R.

60(B) provides for relief from judgment in certain instances, including "any other reason justifying relief[.]" Civ.R. 60(B)(5).

> "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.

Because the three-part test set forth in *GTE Automatic* is a conjunctive one, a trial court properly denies a Civ.R. 60(B) motion that fails to satisfy any of the foregoing requirements. *Countrywide Home Loans Servicing, L.P. v. Murphy-Kesling*, 9th Dist. No. 25297, 2010-Ohio-6000, at ¶10.

{¶7} Civ.R. 60(B)(5) operates as a catch-all provision and "reflects 'the inherent power of a court to relieve a person from the unjust operation of a judgment.'" *Chuck Oeder Inc. v. Bower*, 9th Dist. No. 23785, 2007-Ohio-7032, at ¶10, quoting *State ex rel. Gyurcsik v. Angelotta* (1977), 50 Ohio St.2d 345, 346. It is reserved for "extraordinary and unusual case[s]," *Myers v. Myers*, 9th Dist. No. 22393, 2005-Ohio-3800, at ¶14, and "is not a substitute for the enumerated grounds for relief from judgment[.]" *Chuck Oeder Inc.* at ¶10. Similarly, "a motion for relief from judgment is not a substitute for a direct appeal from the judgment challenged." *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 245. "[T]he availability of Civ.R. 60(B) relief is generally limited to issues that cannot properly be raised on appeal." *Haas v. Bauer*, 9th Dist. No. 02CA008198, 2004-Ohio-437, at ¶25, citing *Yakubik v. Yakubik* (Mar. 29, 2000), 9th Dist. No. 19587, at *2.

{¶8} Graham admits that he was jointly liable on the credit card account at issue. He also never claimed that he was unaware of the suit against him or that Capital One did not

properly effectuate service.[1] Graham's argument, both in the court below and on appeal, is that default judgment was improper because Capital One did not provide adequate proof of the debt at issue and failed to include the primary debtor, Buckeye Legal Aid Services, Inc., in its suit against him. His argument focuses solely on his having a meritorious defense; it does not address the other elements required for Civ.R. 60(B) relief. See *GTE Automatic*, 47 Ohio St.2d at paragraph two of the syllabus. Graham's only explanation in the court below as to why he did not take any action at an earlier date in response to Capital One's complaint was that he was trying to save money to hire an attorney. That reason, however, would not satisfy either Civ.R. 60(B)(5) or the *GTE Automatic* requirement that Graham have filed his motion in a timely manner. See id. See, also, *Brooke v. James R. Rea Ents., Inc.*, 9th Dist. No. 25433, 2011-Ohio-1531, at ¶11-12 (rejecting argument that movants satisfied Civ.R. 60(B)(5) where they were aware of the proceedings, but chose not to act, in part, because they neglected to seek legal assistance).

{¶9} Even casting Graham's argument as a meritorious defense instead of one properly reserved for direct appeal, see *Haas* at ¶25, the record reflects that Graham did not demonstrate that he was entitled to relief from judgment under *GTE Automatic*. Consequently, the trial court did not abuse its discretion by refusing to vacate the default judgment against him. Graham's three assignments of error are overruled.

---

[1] In the affidavit attached to his motion to vacate, Graham averred that he was out of the country from June 2008 until November 2009. He also averred, however, that he unsuccessfully attempted to contact Capital One during that time period. It would appear, therefore, that Graham was aware of the complaint filed against him even when he was abroad.

III

**{¶10}** Graham's assignments of error are overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

MOORE, J.
CONCURS

CARR, P. J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

SULAIMAN R. GRAHAM, pro se, Appellant.

RANDI L. NINE, Attorney at Law, for Appellee.