[Cite as *CitiMortgage, Inc. v. Dudek*, 2012-Ohio-899.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| CITIMORTGAGE, INC. | C.A. No.    25806 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| PATRICIA L. DUDEK, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No.    CV 2010-07-4902 |

DECISION AND JOURNAL ENTRY

Dated: March 7, 2012

MOORE, Judge.

{¶1}    Appellant, Patricia L. Dudek, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    On July 16, 2010, Appellee CitiMortgage, Inc., commenced a foreclosure action against Appellant Patricia L. Dudek and the City of Cuyahoga Falls.  On September 29, 2010, a default judgment was entered against Dudek.  An amended decree of foreclosure was entered by the trial court on October 21, 2010.  No appeal was taken from the decree of foreclosure.

{¶3}    On December 22, 2010, Dudek filed a motion for relief from judgment.  In it she argued that on or about April 2010, CitiMortgage offered to modify the mortgage on her home.  She was told that her first payment would be due August 1, 2010.  She received the complaint in foreclosure on July 22, 2010.  She claimed that when she asked CitiMortgage about the complaint, she was told "not to worry" about a foreclosure and that any foreclosure proceedings

"were on hold." She argued that she was entitled to relief from judgment pursuant to Civ.R. 60(B)(3). The trial court denied the motion on January 7, 2011.

{¶4} Dudek timely filed a notice of appeal. She raises one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING [] DUDEK'S 60(B) MOTION WHEN THE BANK OBTAINED A DEFAULT JUDGMENT AND FORECLOSURE DECREE AGAINST HER EVEN THOUGH THE BANK TOLD HER THAT HER MORTGAGE WOULD BE MODIFIED, NOT TO WORRY ABOUT A FORECLOSURE, AND THAT ANY FORECLOSURE PROCEEDINGS WERE ON HOLD[.]

{¶5} In her sole assignment of error, Dudek argues that the trial court erred in denying her motion for relief from judgment because the bank told her that her mortgage would be modified and not to worry about a foreclosure because any foreclosure proceedings were on hold. We do not agree.

{¶6} Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶7} To prevail on a motion for relief from judgment under Civ.R. 60(B), a party must demonstrate: (1) a meritorious defense or claim; (2) entitlement to relief under one of the

grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If any of these three requirements is not met, the motion is properly overruled. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

{¶8} The question of whether such relief should be granted is within the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). This Court, therefore, will not reverse the trial court's decision absent an abuse of discretion. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19-20 (1996). The phrase "'abuse of discretion' * * * implies that the trial court's attitude [was] unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9} Initially, Dudek argues that the trial court erred because its order "failed to make any findings of fact" or "conclusions of law." In support of this claim, she cites *Milton Banking Co. v. Dulaney*, 4th Dist. No. 09CA10, 2010-Ohio-1907. *Milton*, however, is distinguishable. There, the trial court granted relief pursuant to Civ.R. 60(B) because default judgment was entered in violation of an automatic bankruptcy stay. *Id.* at ¶ 5. The Fourth District held that the trial court incorrectly concluded that the order was "void ab initio." *Id.* at ¶ 25. However, the appellate court acknowledged that it could not reverse a correct judgment "merely because erroneous reasons were assigned as a basis thereof." *Id.* It was required to review whether the requirements of *GTE Automatic Elec., Inc.* were satisfied. *Id.* at ¶ 27. In *Milton*, neither party provided the appellate court with the Civ.R. 60(B) motions, and the trial court's order provided no guidance as to whether the movant satisfied the requirements of *GTE Automatic Elec., Inc.*,

particularly whether the movant had a meritorious claim or defense and whether the motion was made within a reasonable time. *Id.* Therefore, the appellate court was compelled to reverse the judgment of the trial court and remand for further proceedings. *Id.* In the case at hand, the Civ.R. 60(B) motion was not granted. It was denied. In addition, the original Civ.R. 60(B) motion and CitiMortgage's response were made a part of the record for our review. Thus, *Milton* is distinguishable on its facts.

{¶10} After Dudek's Civ.R. 60(B) motion was denied, she did not request findings of fact and conclusions of law pursuant to Civ.R. 52. "[T]here is no requirement that the trial court issue findings of fact and conclusions of law or otherwise explain its reasons for its disposition of a Civ.R. 60(B) motion," particularly when a party has not made such a request pursuant to Civ.R. 52. *Homes S. & L. Co. v. Avery Place, L.L.C.*, 5th Dist. No. 11 CAE 02 0014, 2011-Ohio-4525, ¶ 29, quoting *Muirloch Realty, Inc. v. Ashpole*, 5th Dist. No. 94 CA-E-04-010, 1995 WL 557130, *2 (Aug. 25, 1995). Accordingly, her argument that the trial court committed reversible error when it denied her Civ.R. 60(B) motion "without any reasoning" is without merit.

{¶11} Next, Dudek argues that the trial court erred by denying her Civ.R. 60(B) motion because she met the three-prong test from *GTE Automatic Elec., Inc*. She argues that the affidavit submitted with her Civ.R. 60(B) motion demonstrates the communications she had with CitiMortgage, and that "[t]hese facts are more than sufficient to support [her] defenses of misrepresentation, fraud and bad faith on the part of the bank." However, Dudek alleges facts on appeal that were not argued in her original Civ.R. 60(B) motion. In her original motion, Dudek argued that "at the same time that [CitiMortgage] suggested a modification of [her] mortgage, it instituted this action in foreclosure." On appeal, she now argues that she "*was not in default until after she entered the loan modification process.*" (Emphasis added.) This Court has

"consistently held that arguments which are not raised below may not be considered for the first time on appeal." *State v. Schwarz*, 9th Dist. No. 02CA0042-M, 2003-Ohio-1294, ¶ 14.

{¶12} The affidavit filed with her Civ.R. 60(B) motion does not allege that she was not in default until after she entered the loan modification process. Instead, it only discusses her communications with CitiMortgage that led her to believe that she could ignore the foreclosure process. While these facts might be sufficient to satisfy the second prong from *GTE Automatic Elec., Inc.* (demonstrating fraud in the process of obtaining the judgment, as required by Civ.R. 60(B)(3)), they do not satisfy the first prong from *GTE Automatic Elec., Inc.* (demonstrating misrepresentation, fraud, and bad faith as a meritorious defense to the underlying foreclosure action).

{¶13} In *Indymac Bank, F.S.B. v. Starcher*, 9th Dist. No. 24194, 2008-Ohio-4079, the appellant "argued that she did not respond to the complaint because Indymac 'lulled [her] into believing responding to [the] complaint was unnecessary.'" *Id.* at ¶ 9. This Court acknowledged that "the fraud or misconduct referred to in Civ.R. 60(B)(3) is fraud or misconduct material to obtaining the judgment, not fraud or misconduct upon which a claim or defense is based." *Id.* at ¶ 10, quoting *LaSalle Nat'l. Bank v. Mesas*, 9th Dist. No. 02CA008028, 2002-Ohio-6117, ¶ 15, citing *Fifth Third Bank of W. Ohio v. Thorn*, 2d Dist. No. 93-CA-19 (Feb. 23, 1994). Likewise, the facts alleged by Dudek in the case at hand also refer to "fraud or misconduct material to obtaining the judgment, not fraud or misconduct upon which a claim or defense is based." *Id.* In her Civ.R. 60(B) affidavit she argued that CitiMortgage told her "to 'not worry' about a foreclosure and that any foreclosure proceedings were 'on hold.'" These alleged facts, if true, would be relevant to the second prong from *GTE Automatic Elec., Inc.*, fraud or misconduct under Civ.R. 60(B)(3). The first prong requires the movant to demonstrate a meritorious defense

or claim. "A 'meritorious defense' means a defense 'going to the merits, substance, or essentials of the case.'" *Aurora Loan Servs., L.L.C. v. Wilcox*, 2d Dist. No. 2009 CA 9, 2009-Ohio-4577, ¶ 14, quoting *Wayne Mut. Ins. Co. v. Marlow*, 2d Dist. No. 16882, 1998 WL 288912 (June 5, 1998), citing Black's Law Dictionary, abridged, (6 Ed. Rev.1991) 290. The facts alleged by Dudek regarding her communications with CitiMortgage refer only to the foreclosure proceedings. They do not go to the "merits, substance, or essentials" of the underlying foreclosure action. Because Dudek failed to satisfy the first prong from *GTE Automatic Elec., Inc.*, the trial court did not abuse its discretion in denying her Civ.R. 60(B) motion.

{¶14} Finally, Dudek argues that the trial court erred in not holding an evidentiary hearing on her Civ.R. 60(B) motion. She argues that her affidavit set forth operative facts that warrant relief from judgment. "[A] movant has no automatic right to a hearing on a motion for relief from judgment." *Aurora Loan Servs.* at ¶ 15, quoting *Hrabak v. Collins*, 108 Ohio App.3d 117, 121 (8th Dist.1995). "It is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without holding an evidentiary hearing *only if* the motion or supportive affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." (Emphasis added.) *Aurora Loan* at ¶ 15, citing *Boster v. C & M Serv., Inc.,* 93 Ohio App.3d 523, 526 (10th Dist.1994). As discussed in our analysis above, Dudek's Civ.R. 60(B) motion failed to include allegations of operative fact to satisfy the first prong from *GTE Automatic Elec., Inc.*, demonstrating a meritorious defense or claim. "The burden is on the moving party to allege operative facts that would constitute a meritorious defense if found to be true." *Countrywide Home Loans v. Barclay*, 10th Dist. No. 04AP-171, 2004-Ohio-6359, ¶ 10, citing *Colley v. Bazell*, 64 Ohio St.2d 243, 247 (1980). Because Dudek failed to do so, we find

no abuse of discretion in the trial court's denial of her Civ.R. 60(B) motion without holding an evidentiary hearing.

{¶15} Dudek's sole assignment of error is overruled.

## III.

{¶16} Dudek's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

DICKINSON, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶17} I concur in judgment. While I acknowledge that the Ohio Supreme Court has written that an abuse of discretion standard applies to the review of a ruling on a motion for relief from judgment, in practice, both the Supreme Court and this Court have applied a de novo standard: "In order for a party to prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate the following . . . . These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St. 3d 172, 174 (1994); see *Buckingham, Doolittle & Burroughs LLP v. Healthcare Imaging Solutions LLC*, 9th Dist. No. 24699, 2010–Ohio–418, at ¶ 10. If a moving party satisfies the three-prong test, a trial court does not have discretion to deny relief. If a moving party does not meet the three-prong test, a trial court does not have discretion to grant relief. This case is yet another example of that. Although the author of the lead opinion has recited that she is applying an abuse of discretion standard, she has, in fact, given no deference to the trial court's decision. Ms. Dudek failed to satisfy the first prong of the three-prong test for relief under Civil Rule 60(B), and, therefore, the trial court correctly denied her motion. Accordingly, I concur in the affirming of the trial court's denial of her motion for relief from judgment.

CARR, P. J.
<u>DISSENTING.</u>

{¶18} I respectfully dissent. I would reverse on the basis that Dudek alleged a meritorious defense that went directly to the underlying merits of the case, namely that the parties had engaged in a mutual modification of the loan agreement.

APPEARANCES:

MAURA A. MCCAUGHEY, Attorney at Law, for Appellant.

THOMAS L. HENDERSON, Attoney at Law, for Appellee.