[Cite as *Thomas v. Steps*, 2014-Ohio-5018.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| DAVID THOMAS | C.A. No.  27187 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| TONY STEPS | AKRON MUNICIPAL COURT<br>COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.  13CV104468 |

DECISION AND JOURNAL ENTRY

Dated: November 12, 2014

PER CURIAM.

{¶1}   Appellant, David Thomas, appeals the judgment of the Akron Municipal Court. This Court affirms.

I.

{¶2}   On June 14, 2013, Thomas filed a complaint in the Akron Municipal Court alleging that Steps assaulted him and caused him physical and emotional distress in the amount of $3000.  A small claims hearing was held before a magistrate on October 3, 2013.  Thomas appeared without counsel, and Steps did not appear.  The magistrate subsequently issued a decision finding that Thomas had not demonstrated that he could prevail on his claim.  Thomas filed timely objections to the magistrate's decision.  On November 15, 2013, the trial court issued a judgment entry overruling Thomas' objections and adopting the magistrate's decision. In reaching this conclusion, the trial court noted that it was required to accept the magistrate's findings of fact because Thomas had failed to provide a transcript from the hearing.

**{¶3}** On appeal, Thomas raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY NOT ENFORCING THE LAW PURSUANT TO [CIV.R.] 58(B) WHICH ENCOMPASSES, "DEFAULT BY FAILURE TO APPEAR." ON OCTOBER 3, 2013[,] THE TRIAL COURT HELD A SMALL CLAIMS HEARING IN WHICH THE APPELLE[E], TONY STEPS, DID NOT APPEAR.

**{¶4}** In his merit brief, Thomas sets forth a one-paragraph argument that tracks the language of his assignment of error.

**{¶5}** Pursuant to R.C. 1925.05(A), once a defendant has received the statutorily required notice, the trial court may enter default judgment against a defendant who fails to appear at a hearing. *Miller v. McStay*, 9th Dist. Summit No. 23369, 2007-Ohio-369, ¶ 8. While a trial court may grant default judgment, it is not required to do so. *Haynes v. Straub*, 10th Dist. Franklin No. 09AP-1009, 2010-Ohio-4089, ¶ 12. A trial court's decision to either grant or deny default judgment is reviewed for an abuse of discretion. *McStay* at ¶ 5, citing *Natl. City Bank v. Shuman*, 9th Dist. Summit No. 21484, 2003-Ohio-6116, ¶ 6. Thus, absent a demonstration that the trial court abused its discretion in declining to enter default judgment, Thomas cannot prevail on his claim. *Tikaradze v. Kenwood Garden Apts*, 6th Dist. Lucas No. L-11-1217, 2012-Ohio-3735, ¶ 6. Under an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶6}** In his merit brief, Thomas has not set forth an argument explaining how the trial court abused its discretion in failing to enter default judgment in this case. With respect to what transpired at the hearing, we note that the trial court stated in its judgment entry that it was required to accept the magistrate's factual determination that Thomas had not proven the

allegations in his complaint given that Thomas did not provide a hearing transcript. Pursuant to Civ.R. 53(D)(3)(b)(iii), "[a]n objection to a factual finding * * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." "This Court has held that when a party fails to file a transcript or an affidavit as to the evidence presented at the magistrate's hearing, the trial court, when ruling on the objections, is required to accept the magistrate's findings of fact and review only the magistrate's conclusions of law based upon those factual findings." *Conley v. Conley*, 9th Dist. Summit No. 21759, 2004-Ohio-1591, ¶ 7. Under these circumstances where Thomas has not demonstrated that the trial court abused its discretion in declining to enter default, we are compelled to affirm the trial court's judgment.

{¶7} The assignment of error is overruled.

III.

{¶8} Thomas' assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
CARR, J.
MOORE, J.
CONCUR.

APPEARANCES:

DAVID THOMAS, pro se, Appellant.

TONY STEPS, pro se, Appellee.