[Cite as *Third Federal S. & L. v. Sutton*, 2018-Ohio-2003.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

THIRD FEDERAL SAVINGS & LOAN

    Appellee

    v.

JACQUELINE SUTTON

    Appellant

    and

DOLORES HOVAN, et al.

    Appellees

C.A. No.     28763

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2015-07-3661

DECISION AND JOURNAL ENTRY

Dated: May 23, 2018

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Jacqueline L. Sutton, appeals from the judgment entered against her in the Summit County Court of Common Pleas on the cross-claim of Cross-claimant/Defendant-Appellee, Dolores Hovan. For the reasons set forth below, this Court affirms.

I.

{¶2} This matter initiated with a complaint in foreclosure filed by the bank, Third Federal Savings and Loan, on July 22, 2015. The bank named Jacqueline L. Sutton as a primary defendant in the foreclosure action. The bank also named Dolores P. Hovan as a defendant

claiming an interest in the property. Ms. Sutton was served with the complaint, but failed to enter an appearance in the action.

{¶3} On September 8, 2015, Ms. Hovan filed an answer to the complaint and asserted a cross-claim against Ms. Sutton. The cross-claim demanded judgment against Ms. Sutton in the amount of $96,000.000 based on Ms. Hovan's interest in the subject property of the foreclosure memorialized in a recorded agreement between Ms. Hovan, Ms. Sutton, and Ms. Sutton's deceased husband, Robert. She served Ms. Sutton with the cross-claim by publication as of November 13, 2015.

{¶4} Ms. Hovan initially moved for default judgment on November 17, 2015. However, the trial court overruled that motion as premature because, although Ms. Sutton had been served with the cross-claim, her time to respond to the pleading had not yet run. On December 29, 2015, Ms. Hovan again moved for default judgment. The trial court entered judgment and issued a decree of foreclosure on January 13, 2016, and also granted default judgment in favor of Ms. Hovan on her cross-claim against Ms. Sutton.

{¶5} Thereafter, on January 28, 2016, Ms. Sutton attempted to appear by counsel and sought leave to file an answer to the cross-claim. The trial court denied the motion on February 3, 2016, indicating that judgment had already been granted.

{¶6} On February 2, 2016, Ms. Sutton filed a "motion to vacate partially void judgment" asserting that Ms. Hovan's application for default was not served on Ms. Sutton. After this Court dismissed an attempted appeal for lack of a final appealable order, the trial court issued an order denying Ms. Sutton's motion to vacate on March 25, 2016. The subject property then sold at sheriff's sale and that sale was confirmed on April 15, 2016.

{¶7}  Ms. Sutton filed a motion for relief from judgment pursuant to Civ.R. 60(B) on November 28, 2016.  In this motion, Ms. Sutton argued that she should be relieved from judgment on the grounds of fraud under Civ.R. 60(B)(3) and, alternatively, for other reasons justifying relief under Civ.R. 60(B)(5).  The trial court denied this motion in an order dated December 21, 2016.  Ms. Sutton again attempted to appeal the matter to this Court.  On June 6, 2017, this Court again dismissed the appeal for lack of a final appealable order regarding the judgment entered against Ms. Sutton

{¶8}  The trial court entered a "final and appealable" judgment entry on August 4, 2017.  In the judgment entry, the trial court ordered that Ms. Hovan is entitled to judgment against Ms. Sutton, personally, in the amount of $96,000.00, plus interest at the applicable statutory rate from the date of January 13, 2016, until the judgment is paid.  The trial court denied Ms. Hovan's request for attorney fees.  The trial court also reaffirmed its prior decisions of March 24, 2016, denying Ms. Sutton's motion to vacate, and of December 21, 2016, denying Ms. Sutton's motion for relief from judgment.

{¶9}  Ms. Sutton has timely appealed the final judgment entered, raising three assignments of error for our review.

II.

**Assignment of Error I**

**The honorable trial court erred in granting the motion for default judgment of [Ms. Hovan].**

{¶10} Ms. Sutton contends that the trial court erred in granting the motion for default judgment because Ms. Hovan failed to serve a copy of the application for default judgment on Ms. Sutton, and Ms. Sutton was not afforded an opportunity to respond.  Ms. Sutton also

contends that the trial court should have denied the motion for default judgment "on the merits" because of "ample evidence" that Ms. Hovan's "actions contradict her claim[.]"

**{¶11}** This Court reviews the decision of the trial court to grant or deny a motion for default judgment for an abuse of discretion. *Thomas v. Steps*, 9th Dist. Summit No. 27187, 2014-Ohio-5018, ¶ 5. An abuse of discretion is more than an error of law or judgment; rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Under this standard of review, this Court may not merely substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶12}** Civ.R. 55(A) provides, in pertinent part, that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore[.]" "The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff or a party who has pleaded a cross-claim or counterclaim." Civ.R. 55(C). Ms. Sutton has not contested the following facts: (1) she was served with the complaint and cross-claim, (2) she had not appeared in the action prior to the entry of default judgment, and (3) she was in default for failure to answer when Ms. Hovan moved for default judgment.

**{¶13}** Nevertheless, Ms. Sutton argues that Ms. Hovan was required pursuant to Summit County Loc.R. 7.04(C) to serve Ms. Sutton with notice of her application for default judgment. Loc.R. 7.04 is captioned "form of pleadings" and states the following in subsection (C) regarding certificate of service:

> Every written pleading, motion, brief, memorandum or argument, filed with the
> Court or judge, shall be served upon all opposing counsel or upon all parties not

represented by counsel, and proof of such service shall be shown on or attached to such written pleading, motion, brief, memorandum, or argument. No such paper filed with the Court or judge without such Certificate of Service, shall be considered by any judge, except trial briefs where it has been agreed by counsel that they shall not be exchanged.

Summit County Loc.R. 7.04(C). While the local rule does require service of motions on all parties, it does not specifically address or apply to a situation where a party, such as Ms. Sutton, has been served but has failed to appear in the action and the complaining party makes application pursuant to Civ.R. 55 for default judgment.

{¶14} Civ.R. 55, however, permits a party to apply for default judgement, in writing or orally, and explicitly provides that service of written notice of the application prior to a hearing is required only when the defaulting party "*has appeared in the action*". (Emphasis added.) Civ.R. 55(A) ("If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.") Moreover, "[t]he Ohio Supreme Court has stated that '[i]f the defending party has failed to appear in the action, a default judgment may be entered without notice.'" *Wells Fargo Bank, N.A. v. Deel*, 9th Dist. Summit No. 25876, 2012-Ohio-3782, ¶ 10 quoting *Ohio Valley Radiology Assoc, Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 120 (1986). The default in this matter arose because Ms. Sutton "'failed to contest the allegations raised in the [cross-claim] and it is thus proper to render a default judgment against [her] as liability has been admitted or "confessed" by the omission of statements refuting [Ms. Hovan's] claims." *Id.* quoting *Reese v. Proppe*, 3 Ohio App.3d 103, 105 (8th Dist.1981).

{¶15} This Court concludes that the trial court did not abuse its discretion by granting the motion for default judgment because Civ.R. 55(A) did not require service of the motion on Ms. Sutton as a party having not appeared in the action, and Loc.R. 7.04 does not create such a requirement where a party is in default and failed to make an appearance. Furthermore, because

the significance of Ms. Sutton's default is that she "admitted" or "confessed" to the allegations by default, the trial court did not abuse its discretion in granting the motion for default judgment without undertaking a sua sponte evidentiary review of the merits of Ms. Hovan's cross-claim. *See Deel* at ¶ 10. Accordingly, Ms. Sutton's first assignment of error is overruled.

### Assignment of Error II

**The honorable trial court erred in denying the motion to vacate partially void judgment entry of [Ms. Sutton].**

{¶16} Ms. Sutton next argues that the trial court erred when it denied her motion to vacate the default judgment. Ms. Sutton's motion to vacate raised the precise issue discussed above regarding the fact that Ms. Hovan did not serve the motion for default judgment on Ms. Sutton. In the motion to vacate, Ms. Sutton did not cite to any Civ.R. 60(B) grounds, nor did she aver that the judgment was void. *See Lorain Natl. Bank v. Corna*, 9th Dist. Lorain No. 13CA010472, 2015-Ohio-432, ¶ 7 (discussing the distinction between a common law motion to vacate a void judgment and a Civ.R. 60(B) motion.) Nevertheless, we need not address the issue of whether Ms. Sutton's motion presented the trial court with proper grounds to consider vacating the default judgment. Based on our resolution of the first assignment of error—determining that Ms. Hovan was not required to serve the motion for default judgment on Ms. Sutton—this Court concludes the trial court did not err in denying Ms. Sutton's motion to vacate on that basis.

{¶17} Ms. Sutton's second assignment of error is overruled.

### Assignment of Error III

**The honorable trial court erred in denying the motion for relief from judgment pursuant to [Civ.R. 60(B)] of [Ms. Sutton].**

{¶18} In her third assignment of error, Ms. Sutton argues that the trial court erred when it denied her motion for relief from judgment pursuant to Civ.R. 60(B). "The trial court's decision to grant or deny a Civ.R. 60(B) motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." *Chuck Oeder Inc. v. Bower*, 9th Dist. Summit No. 23785, 2007-Ohio-7032, ¶ 4.

{¶19} "If a judgment by default has been entered, the court may set it aside in accordance with [Civ.R.] 60(B)." Civ.R. 55(B). To prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate that it has met each of three requirements as set forth by the Supreme Court of Ohio in *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Those requirements are:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*Id.*

{¶20} In her motion, Ms. Sutton relied on the third and fifth grounds for relief in Civ.R. 60(B). Civ.R. 60(B)(5) provides for "any other reason justifying relief from the judgment[.]" Civ. R. 60(B)(5) is intended as a "catch-all provision" permitting a court to exercise its inherent power "to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions" of the rule. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. The grounds for invoking this "provision should be substantial." *Id.* at paragraph two of the syllabus.

{¶21} Civ.R. 60(B)(3) provides for relief on the grounds of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party[.]"

"This Court acknowledged that 'the fraud or misconduct referred to in Civ.R. 60(B)(3) is fraud or misconduct material to obtaining the judgment, not fraud or misconduct upon which a claim or defense is based.'" *CitiMortgage, Inc. v. Dudek*, 9th Dist. Summit No. 25806, 2012-Ohio-899, ¶ 13, quoting *Indymac Bank, F.S.B. v. Starcher*, 9th Dist. Summit No. 24194, 2008-Ohio-4079, ¶ 10.

**{¶22}** In her motion, Ms. Sutton argued the existence of fraud based on Ms. Hovan's alleged actions to make it appear as though she was forced from the home and, therefore, entitled to judgment based on the terms of the agreement that was the subject of her cross-claim against Ms. Sutton. Thus, Ms. Sutton presented an argument alleging fraud relative to the merits of the claim and Ms. Sutton's purported meritorious defense thereto. Ms. Sutton did not, however, establish or even allege the existence of "fraud or misconduct material to obtaining the judgment." *Id*. Therefore, we conclude that the trial court did not err in denying Ms. Sutton's motion on Civ.R. 60(B)(3) grounds.

**{¶23}** Further, Ms. Sutton failed to present any argument in her motion as to Civ.R. 60(B)(5) grounds for relief. "Rather, [s]he relied upon h[er] alleged meritorious defense [and the resulting consequences of the judgment] to assert that the grant of default judgment should be vacated in the interests of justice." *Chuck Oeder Inc*, 2007-Ohio-7032, ¶ 11. However, it is not sufficient for a party to "contend it should be relieved of the default judgment pursuant to Civ.R. 60(B)(5) simply because it had a meritorious defense." *Id*. quoting *Caruso-Ciresi, Inc.*, 5 Ohio St.3d at 66. Therefore, we conclude that the trial court did not err in denying Ms. Sutton's motion on Civ.R. 60(B)(5) grounds.

**{¶24}** "Because [Ms. Sutton] failed to satisfy the first prong from *GTE Automatic Elec, Inc.*, the trial court did not abuse its discretion in denying her Civ.R. 60(B) motion." *Dudek* at ¶ 13. Accordingly, Ms. Sutton's third assignment of error is overruled.

III.

**{¶25}** All three of Ms. Sutton's assignment of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

BRADLEY HULL, IV, Attorney at Law, for Appellant.

DOLORES HOVAN, pro se, Appellee.