[Cite as *Kish v. Kish*, 2012-Ohio-5430.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

MICHELLE KISH

    Appellant

    v.

ROBERT KISH

    Appellee

C.A. No.      12CA010185

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    09DU071143

DECISION AND JOURNAL ENTRY

Dated: November 26, 2012

---

WHITMORE, Presiding Judge.

{¶1}    Plaintiff-Appellant, Michelle Kish aka Manthey-Kish ("Wife"), appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court reverses.

I

{¶2}    Wife and Defendant-Appellee, Robert Kish ("Husband"), had a child together in October 2001. Because Wife and Husband were not married at the time, a support order went into effect in Cuyahoga County on March 1, 2002 ("the Cuyahoga County Obligation"). Husband then paid Wife approximately $543 per month in child support for their son, R.M. Each month the Child Support Enforcement Agency ("CSEA") deposited Husband's support obligation into a separate bank account belonging to Wife.

{¶3}    On February 14, 2005, the parties married. Despite the marriage, Husband continued to pay the Cuyahoga County Obligation. Testimony that later emerged in the

proceedings revealed that the parties wanted the Cuyahoga County Obligation to continue so as to reap certain benefits. In particular, they believed it would affect the amount of child support that Husband's former wife could seek from Husband if she ever filed for it. Further, due to the arrangement, Wife was able to take advantage of reduced day care rates owing to the fact that the State subsidized day care costs based upon Wife's single income. The Cuyahoga County Obligation ended in July 2008 when Husband successfully moved to terminate it. The order terminating Husband's obligation was retroactive to the date of the parties' marriage. Between February 14, 2005 (the date of the marriage), and July 18, 2008 (the date of termination), Husband had paid Wife $19,696.89 in child support.

{¶4} On September 16, 2009, Wife filed a complaint for divorce. The parties eventually reached an agreement, which the court adopted as its judgment on September 23, 2010. Wife was named R.M.'s residential parent and legal custodian, and Husband was given visitation. The court ordered Husband to pay child support for R.M. as well as $4,000 in arrearages arising from Husband's failure to comply with the court's temporary orders for child support. The divorce decree made no mention of the Cuyahoga County Obligation.

{¶5} On March 18, 2011, Husband filed a motion for relief from judgment pursuant to Civ.R. 60(B). Husband's motion notified the court of the Cuyahoga County Obligation and the fact that Husband had paid $19,696.89 in child support during the course of the marriage due to that obligation. Husband asked the court to (1) vacate its judgment to the extent it ordered Husband to pay $4,000 in arrearages, and (2) adopt and incorporate the Cuyahoga County Obligation into its judgment. The trial court held a hearing at which both Husband and Wife testified. Subsequently, the court agreed that it was appropriate to incorporate the Cuyahoga County Obligation into the parties' divorce decree and granted Husband's motion for relief. The

court vacated the portion of the divorce decree that ordered Husband to pay $4,000 in arrearages and adopted the Cuyahoga County Obligation into the divorce decree to reflect a child support credit of $19,696.89 to Husband.

{¶6} Wife now appeals from the trial court's judgment and raises two assignments of error for our review.

## II

### Assignment of Error Number One

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY GRANTING APPELLEES' MOTION FOR RELIEF FROM JUDGMENT.

{¶7} In her first assignment of error, Wife argues that the trial court erred by granting Husband's motion for relief from judgment. We agree.

{¶8} Initially, we note that Husband has not filed a brief on appeal. Therefore, "[p]ursuant to App.R. 18(C), this Court may accept [Wife's] statement of the facts and issues as presented in [her] brief as correct and reverse the judgment of the trial court if [Wife's] brief reasonably appears to sustain such action." *Bank of New York v. Smith*, 9th Dist. No. 21534, 2003-Ohio-4633, ¶ 2.

{¶9} "The decision to grant or deny a motion to vacate judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *Buckingham, Doolittle & Burroughs, L.L.P. v. Healthcare Imaging Solutions L.L.C.*, 9th Dist. No. 24699, 2010-Ohio-418, ¶ 8, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} Civ.R. 60(B)(1) permits a party to seek relief from a final judgment on the basis of "mistake, inadvertence, surprise or excusable neglect" while Civ.R. 60(B)(3) permits relief based on "fraud * * *, misrepresentation, or other misconduct of an adverse party."

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Because the test is conjunctive, a trial court only may grant a Civ.R. 60(B) motion if the motion satisfies all three *GTE Automatic* requirements. *Countrywide Home Loans Servicing, L.P. v. Murphy-Kesling*, 9th Dist. No. 25297, 2010-Ohio-6000, ¶ 10. We begin with the second requirement of the *GTE Automatic* test.

{¶11} Consistent with the testimony presented at the hearing on Husband's motion, the trial court specifically found that both Husband and Wife were aware of the Cuyahoga County Obligation and had felt "that it benefited them both to keep the order in effect despite getting married." The trial court also specifically found that "by not including mention of the order in the Divorce Decree the parties committed fraud upon this Court." Nevertheless, the court afforded Husband relief from judgment.

{¶12} Husband actually sought relief from judgment under Civ.R. 60(B)(1), as he argued that the parties' failure to inform the court of the Cuyahoga County Obligation at the time of their divorce amounted to mutual mistake or inadvertence. Rather than apply Civ.R. 60(B)(1), the trial court found that Civ.R. 60(B)(3) applied on the basis that the issue was one of fraud. Neither provision, however, entitled Husband to relief.

{¶13} Relief under Civ.R. 60(B)(1) is properly denied "if it is evident from all of the facts and circumstances in the case that the conduct of the defendant, combined with the conduct

of those persons whose conduct is imputable to the defendant, exhibited a disregard for the judicial system * * *." *Technical Servs. Co. v. Trinitech Intern., Inc.*, 9th Dist. No. 21648, 2004-Ohio-965, ¶ 19, quoting *Griffey v. Rajan*, 33 Ohio St.3d 75 (1987), syllabus. The testimony presented at the hearing on Husband's motion for relief evinced that both Husband and Wife engaged in wrongdoing, and the court specifically found that they both "committed fraud upon [the] [c]ourt." Because Husband exhibited a disregard for the judicial system through his conduct, he was not entitled to relief under Civ.R. 60(B)(1). Further, the court erred by applying Civ.R. 60(B)(3). That provision only applies in instances of "fraud * * *, misrepresentation or other misconduct *of the adverse party*." (Emphasis added.) Civ.R. 60(B)(3). The fraud here was perpetrated by both parties, not Wife alone. As such, Civ.R. 60(B)(3) was inapplicable. Husband failed to show that he was "entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5) * * *." *GTE Automatic Elec., Inc.*, 47 Ohio St.2d at paragraph two of the syllabus.

{¶14} "Relief under Civ. R. 60(B) is an equitable remedy * * *." *Great Northern Sav. v. Miller*, 9th Dist. No. 12911, 1987 WL 13641, *2 (June 17, 1987). It is a well-established principle of law that "wrongdoers ought not benefit from their own wrongdoing." *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, ¶35, quoting *Williams v. Williams*, 10th Dist. No. 92AP-438, 1992 WL 246020, *2 (Sept. 24, 1992). Here, Husband engaged in wrongdoing to reap a potential benefit and then later asked the court to afford him relief on the basis of his wrongdoing. Conduct such as Husband's must not "be condoned or rewarded by the grant of equitable relief pursuant to Civ.R. 60(B)." *Assaf v. Moneskey*, 9th Dist. No. 13581, 1988 WL 131511, *3 (Nov. 30, 1988). Husband failed to show

that he was entitled to Civ.R. 60(B) relief. Consequently, the trial court abused its discretion by granting Husband's motion. Wife's first assignment of error is sustained.

Assignment of Error Number Two

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING APPELLEE ENTITLED TO AN OFFSET AND CREDIT OF CHILD SUPPORT.

{¶15} In her second assignment of error, Wife argues that the trial court erred by concluding that Husband was entitled to a credit for the child support he paid to Wife as a result of the Cuyahoga County Obligation. Based on our resolution of Wife's first assignment of error, Wife's second assignment of error is moot and we decline to address it. *See* App.R. 12(A)(1)(c).

III

{¶16} Wife's first assignment of error is sustained, and her second assignment of error is moot. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE<br>
FOR THE COURT

MOORE, J.
CARR, J.
CONCUR.

APPEARANCES:

JAMES A. DEERY and DANIEL J. GIBBONS, Attorneys at Law, for Appellant.

JAMES V. BARILLA, Attorney at Law, for Appellee.