[Cite as *Bank of New York Mellon Trust Co. v. Bowers*, 2013-Ohio-5488.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

BANK OF NEW YORK MELLON TRUST CO.

    Appellee

v.

JEFFREY J. BOWERS, et al.

    Appellants

C.A. No.     12CA010289

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    11CV172158

DECISION AND JOURNAL ENTRY

Dated: December 16, 2013

WHITMORE, Judge.

{¶1} Appellants, Jeffrey and Deborah Bowers (collectively, "the Bowerses"), appeal from the judgment of the Lorain County Court of Common Pleas, denying their motion to vacate a default judgment. This Court affirms.

I

{¶2} On May 23, 2011, The Bank of New York Mellon Trust Co. ("the Bank") filed a foreclosure action against the Bowerses. The Bank alleged the Bowerses had defaulted on their mortgage payments and sought to foreclose on the Bowerses' Murray Ridge Road property. The Bowerses were properly served, but failed to file an answer or otherwise respond.

{¶3} On September 23, 2011, the Bank filed a motion for default judgment against the Bowerses. The court scheduled a default hearing for the end of October. The Bowerses failed to respond or appear at the hearing. On November 21, 2011, the magistrate recommended that the

trial court grant the Bank's motion for default judgment. The trial court adopted the magistrate's decision and entered an order granting default judgment against the Bowerses.

{¶4} In January, an order and notice of sale were issued. On February 24, 2012, the Bowerses filed a motion to set aside the default judgment. The Bank filed a memorandum in opposition. On September 4, 2012, the court denied the Bowerses' motion. The Bowerses now appeal and raise one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS AND ABUSED ITS DISCRETION BY FAILING TO GRANT THEIR CIV.R. 60(B) MOTION.

{¶5} In their sole assignment of error, the Bowerses argue that the court erred by denying their Civ.R. 60(B) motion. We disagree.

{¶6} "The decision to grant or deny a motion to vacate judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *Kish v. Kish*, 9th Dist. Lorain No. 12CA010185, 2012-Ohio-5430, ¶ 9, quoting *Buckingham, Doolittle & Burroughs, L.L.P. v. Healthcare Imaging Solutions L.L.C.*, 9th Dist. Summit No. 24699, 2010-Ohio-418, ¶ 8. An abuse of discretion indicates that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶7} "To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) though (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec., Inc. v. ARC Industries,*

*Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "A 'meritorious defense' means a defense going to the merits, substance, or essentials of the case." (Internal quotations omitted.) *CitiMortgage, Inc. v. Dudek*, 9th Dist. Summit No. 25806, 2012-Ohio-899, ¶ 13.

{¶8} The Bowerses filed a Civ.R. 60(B) motion requesting the trial court set aside the default judgment because the Bank had led them to believe that it was processing a loan modification, that the loan modification would be approved, and that the foreclosure action would be dismissed. There was no evidence that a binding loan modification had been consummated. Instead, the Bowerses argued to the trial court that they had a meritorious claim because they "did not understand the legal complications of this matter." The Bowerses did not deny that they had defaulted on the note, that the note was secured by the mortgage, or that the Bank had the rights to enforce the terms of the note and foreclose on the mortgage. While the allegations that the Bank misled the Bowerses into believing that they did not need to participate in the foreclosure proceedings could support a claim of excusable neglect or fraud, thereby satisfying the second prong of the *GTE* test, *see* Civ.R. 60(B)(1), (3), the Bowerses did not assert any meritorious defense to the foreclosure action in their Civ.R. 60(B) motion. *See Dudek* at ¶ 13 (not a meritorious defense that the bank "told her to not worry about a foreclosure and that any foreclosure proceedings were on hold"). (Internal quotations omitted.) Therefore, the Bowerses failed to satisfy the first prong of the *GTE* test. *See GTE Automatic Elec., Inc.* at 150.

{¶9} On appeal, the Bowerses argue that they have a meritorious defense because the Bank did not "fulfill a condition precedent" before filing for foreclosure. Specifically, the Bowerses argue that the Bank was required to notify them in writing, by mail that their loan modification was denied prior to filing for foreclosure. This argument was not raised in the trial court. "This Court has 'consistently held that arguments which are not raised below may not be

considered for the first time on appeal.'" *See Dudek*, at ¶ 11, quoting *State v. Schwarz*, 9th Dist. Medina No. 02CA0042-M, 2003-Ohio-1294, ¶ 14.

{¶10} The Bowerses further argue that this defense has not been waived on appeal because it is jurisdictional and can be raised at any time under the authority of *Federal Home Loan Mortg. Corp v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017. However, *Schwartzwald* is inapplicable here. *Schwartzwald* is relevant when determining whether a party filing a foreclosure action has standing. Here, the Bowerses do not dispute that the Bank is the real party in interest and that it has standing to maintain the foreclosure action. Instead, the Bowerses argue that the Bank has not complied with a contractual notice requirement set forth in the note and the mortgage. This does not go to the court's jurisdiction to hear the matter. *See Wells Fargo Bank, N.A. v. Hazel*, 10th Dist. Franklin No. 11AP-1061, 2012-Ohio-5770, ¶ 13 (where cause of action is contingent upon the satisfaction of some condition precedent and the plaintiff pleads that such conditions have been met, those conditions are deemed admitted if the defendant fails to deny them).

{¶11} After reviewing the record, the Bowerses did not assert a meritorious defense in their Civ.R. 60(B) motion to the trial court, and this Court will not address new arguments raised on appeal. The Bowerses' sole assignment of error is overruled.

### III

{¶12} The Bowerses' assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

---

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶13} I concur that the trial court properly denied Mr. and Mrs. Bowers' motion for relief from judgment. Although the trial court was displeased with the bank's conduct in this case, it determined that Mr. and Mrs. Bowers had not demonstrated that they had a meritorious defense to the foreclosure as they had merely asserted that their meritorious defense to the foreclosure action was they "did not understand the legal complications of this matter." Because that is not a defense against the underlying cause of action and there was no development of any argument on appeal on this point, Mr. and Mrs. Bowers failed to satisfy the first prong of *GTE Automatic Elec., In. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus, and, therefore, the trial court did not commit reversible error in denying their motion.

{¶14} I write separately, however, to clarify that this is not a ratification of the behavior of the bank in this case and in some cases, a meritorious defense could be raised as a consequence of a bank's conduct when engaging in the loan modification process. Foreclosure is an action that sounds in equity, and actions by the bank that a homeowner relies upon to his or her detriment could affect whether foreclosure is appropriate. *See Natl. City Mtge. v. Skipper*, 9th Dist. Summit No. 24772, 2009-Ohio-5940, ¶ 25. *See also TD Bank, N.A. v. J and M Holdings, LLC*, 143 Conn.App 340, 350 (2013) ("Equitable estoppel is a recognized defense in a foreclosure action."); *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256-257 (5th Cir.2013) ("Promissory estoppel may overcome the statute-of-frauds requirement in Texas, but there must have been a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds.") (Internal quotations and footnote omitted.). However, Mr. and Mrs. Bowers have not developed any legal argument concerning a meritorious defense in light of the circumstances in this case. *See* App.R. 16(A)(7). Thus, I concur that their assignment of error must be overruled.

CARR, J.
DISSENTING.

{¶15} I respectfully dissent. Mr. and Mrs. Bowers alleged a meritorious defense that went directly to the underlying merits of the case, namely that the parties engaged in a mutual modification of the loan agreement that would preclude foreclosure. *See CitiMortgage, Inc. v. Dudek*, 9th Dist. Summit No. 25806, 2012-Ohio-899, ¶ 18 (Carr, J., dissenting).

APPEARANCES:

JEFFREY J. BOWERS and DEBORAH D. BOWERS, pro se, Appellants.

BENJAMIN W. OGG and MATTHEW J. RICHARDSON, Attorneys at Law, for Appellee.