[Cite as *Consolo v. Menter*, 2014-Ohio-1033.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| WILLIAM CONSOLO | | C.A. No.      26857 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICK MENTER, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | | CASE No.      CV 2007-08-5773 |

DECISION AND JOURNAL ENTRY

Dated: March 19, 2014

HENSAL, Judge.

{¶1}    Appellant, William Consolo, appeals the judgment of the Summit County Court of Common Pleas.  For the following reasons, this Court reverses.

I.

{¶2}    Mr. Consolo and Rick Menter are former business partners whose association in a credit card processing venture ended in litigation.  In 2007, Mr. Consolo sued Mr. Menter and other corporate entities for various causes of action.  The parties settled the lawsuit along with another pending action filed by Mr. Consolo against Mr. Menter.  Their agreement was read into the court's record and reduced to writing a few months later.  As part of the settlement, Mr. Menter agreed to a consent judgment against him in the amount of $500,000 that would only be filed with the court if he failed to make monthly payments totaling $270,000 to Mr. Consolo.

{¶3}    On December 9, 2009, Mr. Consolo filed the consent judgment with the court after Mr. Menter discontinued making payments to him directly and instead deposited the

payments in an escrow account. He filed a motion to enforce the settlement agreement and for relief from the consent judgment under Civil Rule 60(B). The trial court granted his motion to enforce the agreement and found that the consent judgment was void as it constituted an unenforceable penalty. Because it voided the consent judgment, the trial court overruled Mr. Menter's Rule 60(B) motion on the basis that it was moot. On appeal, this Court reversed and concluded that Mr. Menter breached the settlement agreement by withholding the monthly payments. *Consolo v. Menter*, 9th Dist. Summit No. 25394, 2011-Ohio-6241, ¶ 16. We further concluded that the trial court erred as a matter of law in finding that the consent judgment was an unenforceable penalty as the written agreement was unclear as to the value of the settlement. *Id*. at ¶ 23. This Court remanded the case to the trial court for further proceedings to determine the amount of the parties' settlement. *Id*. at ¶ 28.

{¶4} On remand, both parties moved for summary judgment. In support of his motion, Mr. Menter offered his own affidavit, a transcript of the proceedings wherein the oral agreement was placed on the record, and correspondence between attorneys that indicated the parties proposed settling the matter for between $200,000 and $300,000. In support of his motion, Mr. Consolo offered the affidavit of his office manager along with his own affidavit that indicated he believed his case against Mr. Menter was worth over $500,000. This amount included his interest in the business, lost and future residual payments, misspent corporate assets and improper distributions. The trial court found that the total amount of the settlement was $270,000 and that the consent judgment was an unenforceable penalty. Instead of ruling on the parties' cross-motions for summary judgment, it granted Mr. Menter's original Rule 60(B) motion. Mr. Consolo has appealed, assigning four assignments of error. We have combined and rearranged some of Mr. Consolo's assignments of error to facilitate our analysis.

II.

ASSIGNMENT OF ERROR II

BY THEIR VERY TERMS, THE CONSENT JUDGMENT AND PROMISSORY NOTE REPRESENT THE ACTUAL AMOUNT OF THE SETTLEMENT AGREEMENT.

ASSIGNMENT OF ERROR III

THE TRIAL COURT INCORRECTLY DETERMINED THAT THE CONSENT JUDGMENT AND PROMISSORY NOTE WERE AN UNENFORCEABLE PENALTY.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRONEOUSLY DETERMINED THAT APPELLEES WERE ENTITLED TO RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B).

{¶5}  The crux of Mr. Consolo's argument in these assignments of error is that the trial court erred in finding that the consent judgment constituted an unenforceable penalty.  Since the consent judgment was not an unenforceable penalty, argues Mr. Consolo, the trial court erred in holding that Mr. Menter had a meritorious defense giving rise to relief under Civil Rule 60(B). As the issues are interconnected, we will address them together.

{¶6}  "The decision to grant or deny a motion to vacate judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion."  *Bank of New York Mellon Trust Co. v. Bowers*, 9th Dist. Lorain No. 12CA010289, 2013-Ohio-5488, ¶ 6, quoting *Kish v. Kish*, 9th Dist. Lorain No. 12CA010185, 2012-Ohio-5430, ¶ 9.  An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable."  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  This Court may not

substitute its judgment for that of the trial court when applying the abuse of discretion standard. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶7}   Civil Rule 60(B) allows a court to relieve a party from a final judgment for one of the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * * or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged * * * or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief[.]

The trial court found that, because the consent judgment was an unenforceable penalty, Mr. Menter was entitled to relief under Rule 60(B)(5).

{¶8}   In order to succeed on his Rule 60(B) motion for relief from judgment, Mr. Menter must prove that:   (1) he had a meritorious defense or claim to present if relief was granted; (2) he was entitled to relief under one of the grounds stated in Rule 60(B)(1) through (5); and (3) his motion was made within a reasonable time.  *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.  Failure to fulfill any of the three requirements under the *GTE* test precludes relief under Rule 60(B).  *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).  Since it is dispositive of the case, we will focus our analysis on the second prong of the *GTE* test as to whether Mr. Menter was eligible for relief under Rule 60(B)(5).

{¶9}   In the recent case of *In re J.W.*, 9th Dist. Summit No. 26874, 2013-Ohio-4368, this Court stated that, "[a]lthough the language of this so-called catch-all provision [in Rule 60(B)(5)] is broad, and reflects 'the inherent power of a court to relieve a person from the unjust operation of a judgment,' the Ohio Supreme Court has held that the grounds for invoking relief under this provision must be 'substantial.'"  *Id*. at ¶ 29, quoting *Caruso-Ciresi, Inc. v. Lohman*, 5

Ohio St.3d 64 (1983), paragraphs one and two of the syllabus. "Relief under Civ.R. 60(B)(5) should only be granted in an 'extraordinary and unusual case[.]'" *Id.*, quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105 (8th Dist.1974). We further recognized that instances such as fraud perpetrated upon a court, a judge's participation in a case that suggests an appearance of impropriety and possible bias, and court errors or omissions that transcend a mere error in judgment have warranted relief under Rule 60(B)(5). *Id.* "Each of these examples involved unusual circumstances that were not disclosed to all parties at the time of judgment, and which inherently affected the accuracy and reliability of the trial court's judgment." *Id.*

{¶10} Mr. Menter has not alleged that any similar extraordinary or unusual circumstances are present in this case. He based his motion for relief under Rule 60(B)(5) on his argument that the consent judgment constituted an unenforceable penalty. Mr. Menter neither alleged the occurrence of any fraud in the negotiation and execution of the settlement agreement and consent judgment nor did he allege that the consent judgment differed from his actual agreement with Mr. Consolo. He also did not allege that he had no knowledge of the consent judgment. Rather, he testified that, when he arrived at the courthouse on the day the agreement was read into the record, his attorney informed him that Mr. Consolo requested that the $500,000 consent judgment be incorporated into the settlement. He further testified that he was aware that the consent judgment was a part of the settlement agreement.

{¶11} Mr. Menter's testimony regarding the timing of the request for the consent judgment was corroborated by an affidavit from his former counsel, who represented him during the negotiations with Mr. Consolo. He averred that:

> [Mr.] Consolo's counsel at [c]ourt demanded for the first time that [Mr. Menter] consent to a judgment for $500,000[,] which would be deemed paid in full and extinguished once the aggregate sum of $270,000 was paid. The rationale given for said demand was [Mr. Menter's] payment history was not good and that this

arrangement would give my clients incentive to timely make the required payments.

Although a transcript of the proceeding wherein the agreement was placed on the record has not been made a part of the record on appeal, the parties agree that the oral agreement occurred on August 30, 2007. The parties also agree that they executed the written settlement agreement, which incorporated the consent judgment, over two months later in November of 2007. Mr. Menter acknowledges that "[t]he settlement agreement follows * * * the settlement put on the record before the trial court."

{¶12} Mr. Menter, through his motion for relief from judgment, attempts to collaterally attack the consent judgment that he expressly approved and signed. The Ohio Supreme Court has stated that a Rule 60(B) motion is a collateral attack governed by the provisions set forth in the rule. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, ¶ 21. In discussing collateral attacks on final judgments, the Supreme Court cautioned that such challenges are disfavored and "will succeed only in certain very limited situations" such as when the issuing court lacked jurisdiction or when the order resulted from fraud. *Id*. at ¶ 22. "But in the absence of those fundamental deficiencies, a judgment is considered 'valid' (even if it might perhaps have been flawed in its resolution of the merits of the case) and is generally not subject to collateral attack." *Id*. at ¶ 25.

{¶13} The trial court's entry also mentions that the motion for summary judgment filed by Mr. Menter after remand was later couched as a claim for declaratory judgment. To the extent that Mr. Menter moved for declaratory judgment, this Court would note that such a procedural vehicle is an impermissible collateral attack on a final judgment. *See Wymsylo v. Bartec, Inc.*, 132 Ohio St.3d 167, 2012-Ohio-2187, ¶ 34.

{¶14}  We agree with the Fourth District's resolution of the same issue in the case of *Mynes v. Brooks*, 4th Dist. No. 07CA3185, 2010-Ohio-2126.  In *Mynes*, the parties agreed to an order that stayed the litigation pending arbitration.  Several months later, the Myneses moved for relief from the agreed order under Rule 60(B).  The Fourth District concluded that the trial court abused its discretion in granting the motion because, in the absence of irregularity or fraud in the procurement of the judgment, a party may not either directly or collaterally attack a consent judgment.  *Id*. at ¶ 16, quoting *Shanks v. Shanks*, 4th Dist. No. 96CA2252, 1997 WL 114397, *4 (Mar. 10, 1997).

{¶15}  In the instant case, Mr. Menter failed to allege operative facts that would entitle him to relief under Rule 60(B)(5).  He has not demonstrated that this is the "extraordinary" case warranting relief from a final judgment when he has failed to allege irregularity, fraud in the procurement of the consent judgment or other unusual circumstances that cast doubt on the accuracy and reliability of the judgment.  *In re J.W.*, 2013-Ohio-4368 at ¶ 29, quoting *Adomeit*, 39 Ohio App.2d at 105.  Accordingly, the trial court abused its discretion in granting his motion for relief from judgment.  Mr. Consolo's first three assignments of error are sustained.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN FAILING TO VOID THE SETTLEMENT AGREEMENT IF THERE WAS AN AMBIGUITY MAKING IT CLEAR THAT THERE WAS NOT A MEETING OF THE MINDS.

{¶16}  In his fourth assignment of error, Mr. Consolo argues that, if this Court were to uphold the trial court's order granting Mr. Menter relief from the consent judgment, this Court should then order that the parties' settlement is void and reinstate the underlying action as a matter of equity.  In light of our resolution of his other assignments of error, his argument is moot.  This Court, therefore, declines to address it.  App.R. 12(A)(1)(c).

III.

**{¶17}** Mr. Consolo's first, second and third assignments of error are sustained. His fourth assignment of error is moot. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURS.

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶18} I agree that the trial court's judgment should be reversed. However, I would reverse and remand for a different reason.

{¶19} The resolution of the parties' dispute hinges upon the terms of the parties' agreement. Mr. Consolo contends that the parties agreed to a $500,000 settlement amount which he then agreed to discount to $270,000 in consideration for Mr. Menter's timely payment of that sum. Conversely, Mr. Menter argues the actual amount of the settlement agreement was $270,000. In the first appeal, this Court concluded that the amount of the settlement was ambiguous and remanded the matter so that the trial court could make that finding. *Consolo v. Menter,* 9th Dist. Summit No. 25394, 2011-Ohio-6241, ¶ 27. Implicit within that holding was the notion that the trial court would have to hold an evidentiary hearing to do so. *See* ¶ 21 (noting that the focus of the first hearing was whether there was a breach not the value of the settlement); *id.* at ¶ 19 (indicating that ambiguities in contracts require the admission of extrinsic evidence to ascertain their meanings). Central to that determination would be assessing the credibility of Mr. Consolo and Mr. Menter as to what occurred during the negotiations, how the terms of the agreement were eventually reached, and the substance of those terms.

{¶20} Following remand, it appears the trial court intended to have a hearing; however, based upon the record before us, it does not appear that one was ever held. Instead, the parties attempted to resolve the matter through summary judgment. Because the trial court cannot weigh the credibility of the parties based solely upon documentary evidence, I would conclude that the trial court erred in failing to hold an evidentiary hearing to resolve the issue before it.[1]

---

[1] It is unclear what procedural mechanism the trial court employed in finding that the settlement amount was $270,000. I would note that, to the extent that the trial court believed

**{¶21}** Thus, I would sustain Mr. Consolo's second assignment of error which challenges the finding of the trial court concerning the settlement amount. Absent knowing the value of the settlement this Court cannot properly evaluate the other arguments raised below. Accordingly, I would decline to address the remaining assignments of error at this time.

<u>APPEARANCES:</u>

WILLIAM T. WHITAKER and ANDREA L. WHITAKER, Attorneys at Law, for Appellant.

TIMOTHY D. MCKINZIE and KERRY G. MILLIGAN, Attorneys at Law, for Appellees.

JEFFREY T. WITSCHEY and ALEX J. RAGON, Attorneys at Law, for Appellees.

---

summary judgment was an appropriate method, such would be erroneous in light of the fact-finding we asked the trial court to undertake upon remand.