[Cite as *State v. Dovala*, 2016-Ohio-1349.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 14CA010692 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MELISSA DOVALA | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 04 CR 65398 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2016

WHITMORE, Presiding Judge.

{¶1} Appellant, Melissa Dovala, appeals an order of the Lorain County Court of Common Pleas that denied her motion for relief from judgment. This Court affirms.

I

{¶2} In 2005, a jury found Dovala guilty of murder, involuntary manslaughter, felonious assault, and child endangering in connection with the death of a four-month-old infant in her care. The trial court sentenced her to a total prison term of fifteen years to life. Dovala appealed, and this Court affirmed her convictions. *State v. Dovala*, 9th Dist. Lorain No. 05CA008767, 2007-Ohio-4914. While that appeal was pending, Dovala petitioned the trial court for postconviction relief. The trial court denied the petition on the basis of res judicata without a hearing, but this Court concluded that not all of her claims were barred by res judicata and reversed. *State v. Dovala*, Lorain App. No. 08CA009455, 2009-Ohio-1420. On remand, the trial

court considered the merits of those claims, but denied Dovala's petition. This Court affirmed that decision. *State v. Dovala*, 9th Dist. Lorain No. 10CA009896, 2011-Ohio-3110.

{¶3} In 2013, Dovala moved the trial court for relief from judgment under Civ.R. 60(B), arguing that trial counsel, who was deposed in the course of the postconviction proceedings, gave inaccurate testimony. The State responded to the motion, attaching an affidavit from trial counsel that provided an explanation for the alleged discrepancies. The trial court considered Dovala's motion under the "catch-all" provision of Civ.R. 60(B)(5), determined that the new evidence served only to impeach trial counsel's prior testimony, and concluded that no fraud had been perpetrated upon the court. The trial court, therefore, denied the motion, and Dovala appealed. This Court concluded that the trial court abused its discretion by denying the motion, and we reversed. *State v. Dovala*, 9th Dist. Lorain No. 13CA010440, 2014-Ohio-2331. In so doing, we concluded that an inquiry under Civ.R. 60(B)(5) is not limited to fraud upon the court, but may also include other situations that constitute unusual, undisclosed circumstances that might have inherently affected the reliability of the judgment. In this respect, we held that the trial court "did not fully analyze" Dovala's motion. *Id*. at ¶ 16.

{¶4} This Court remanded the matter for proceedings consistent with our opinion. *Id*. at ¶ 19. After conducting a status conference, the trial court issued a second order concluding that there were no unusual circumstances that inherently affected the accuracy and reliability of the order that denied Dovala's petition for postconviction relief and denied her motion for relief from judgment. This appeal followed.

II

## Assignment of Error

THE SUPPLEMENTAL JUDGMENT OF THE COURT BELOW DENYING [DOVALA'S] MOTION TO REOPEN JUDGMENT WAS CONTRARY TO THE WEIGHT OF THE EVIDENCE AND CONSTITUTED AN ABUSE OF JUDICIAL DISCRETION.

{¶5}     Dovala's sole assignment of error is that the trial court abused its discretion by determining that unusual, undisclosed circumstances did not inherently affect the accuracy and reliability of the trial court's order that denied her petition for postconviction relief.  We disagree.

{¶6}     Civ.R. 60(B)(5) is a "catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment" that must be invoked by "substantial" grounds.  *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraphs one and two of the syllabus.  Relief under Civ.R. 60(B) is reserved for the "extraordinary and unusual case when the interests of justice warrant[] it."  *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105 (8th Dist.1974).  The rule encompasses situations that involve unusual circumstances that, at the time of the judgment, were not disclosed to the parties, which inherently affect the accuracy and reliability of the judgment at issue.  *Consolo v. Menter*, 9th Dist. Summit No. 26857, 2014-Ohio-1033, ¶ 9.  Unusual circumstances of this nature include fraud upon the court, judicial bias, and "errors or omissions that transcend a mere error in judgment."  *Id*.  *See also In re J.W.*, 9th Dist. Summit No. 26874, 2013-Ohio-4368, ¶ 30.  We review a trial court's decision applying Civ.R. 60(B)(5) for an abuse of discretion, which signifies not just an error in law or judgment, but an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court.  *Parkhust v. Snively*, 9th Dist. Medina No. 3179-M, 2001 WL 1192745, *1 (Oct. 10, 2001).

{¶7} Several of the claims in Dovala's petition for postconviction relief alleged deficient performance by trial counsel, Attorney James Burge, in connection with his investigation of the charges, preparation of a defense, and presentation of expert witness testimony. In a prior appeal, this Court concluded that these claims were not barred by res judicata. *Dovala*, 2009-Ohio-1420, at ¶ 21. In support of her petition, Dovala presented the testimony of Dr. Audrius Plioplys, a retired pediatric neurologist who opined that the victim's injuries were not caused by blunt force trauma, but by compressive force applied directly to a single point on the skull. In his affidavit and testimony in support of the petition, Dr. Plioplys also disagreed with the State's trial experts regarding the timeframe during which the victim's injuries could have occurred. Specifically, he concluded that he could not narrow the timeframe further than the twenty-four hour window before the victim's death.

{¶8} The videotaped deposition of Attorney Burge was admitted into evidence during the hearing on Dovala's petition. Attorney Burge explained that according to his understanding of the timeline and potential testimony by the State's experts, the onset of the victim's symptoms happened too late in the day to attribute them to an injury that occurred before he was in Dovala's care. He also explained that Dovala had taken the position, as memorialized in a recorded interview with police, that no one else in her home had injured the victim. In response to questions about whether another child in the home could have injured the victim – the theory espoused by Dr. Plioplys – Attorney Burge reasoned that although the argument could be made despite Dovala's own prior statements, it was not a defense that would have proved successful. Attorney Burge testified that he believed that the only avenue open to him in light of the substantial limitations imposed by Dovala's prior statements was a defense that the injury was a preexisting or congenital condition.

{¶9} Attorney Burge then described how this defense unfolded. He testified that he consulted Dr. Thomas Swanson, whose name he recalled incorrectly at the time, between 60-90 days before trial. Attorney Burge acknowledged that Dr. Swanson was married to his co-counsel at that time, which provided him the opportunity to review records. Attorney Burge stated that the case was one of interest to Dr. Swanson, and that he was not paid a fee. According to Attorney Burge, he did not pursue a formal consultation with Dr. Swanson because he believed him unlikely to opine that the victim suffered anything other than an inflicted injury. Attorney Mark Devan, an expert who testified regarding Attorney Burge's performance during the hearing on Dovala's petition, agreed that Attorney Burge's interaction with Dr. Swanson could be characterized as an "unpaid, informal consult" by the "ex-husband of co-counsel."

{¶10} Dovala's motion for relief from the trial court's judgment denying postconviction relief was based on an affidavit obtained from Dr. Swanson. In that affidavit, Dr. Swanson affirmed that he was married to Attorney Burge's co-counsel at the time of Dovala's trial and that he discussed the case with her "in a casual manner at our home." He denied that he discussed the case directly with Attorney Burge, and stated that he did not "officially opine anything regarding the mechanism of the death" involved in this case. He also recalled that he "did not have access to or review the records *in any detail* that would have allowed a learned opinion in this case." (Emphasis added.) Attorney Burge provided an affidavit in response to Dovala's motion. In that affidavit, he clarified that any consultations with Dr. Swanson were informally conducted through co-counsel, to whom Dr. Swanson was married at the time. Attorney Burge adhered to his recollection that Dr. Swanson believed that the injury involved in this case was inflicted, and Attorney Burge reiterated that because the theory of Dovala's defense

had already been developed at that time, he did not believe that a formal consultation with Dr. Swanson would have been helpful.

{¶11} While Dovala's motion was pending, counsel deposed trial co-counsel, Attorney Laura Perkovic. Attorney Perkovic's recollection of details surrounding the defense was hampered by the passage of time. Although she disagreed with parts of Attorney Burge's affidavit, she also disagreed with elements of Dr. Swanson's affidavit. The substance of her testimony, however, confirmed that Attorney Burge did ask her to speak to Dr. Swanson about Dovala's case, and that she did so, providing access at least to the autopsy photographs and report. According to Perkovic, Dr. Swanson would not provide an opinion without being formally retained, but that he did tell her that because the case involved "brain trauma," he would be qualified to formally consult on the case.

{¶12} As an initial matter, having now reviewed the record in light of the trial court's judgment in accordance with our remand, this Court questions whether the substance of Dovala's motion for relief from judgment was really newly discovered evidence under Civ.R. 60(B)(2), and thus subject to the time limitations applicable to that section of the Rule. Dr. Swanson's affidavit is evidence; it was alleged to be newly discovered. "A straightforward and logical reading of Civ.R. 60(B)(2) dictates that it applies." *Strack v. Pelton*, 70 Ohio St.3d 172, 173 (1994). Nonetheless, the trial court has now analyzed this matter twice under Civ.R. 60(B)(5), once in response to a mandate from this Court. As such, despite our reservations, we adhere to our previous analysis and consider this case under Civ.R. 60(B)(5).

{¶13} This Court concludes that the trial court did not abuse its discretion by determining that this is not the unusual case involving undisclosed circumstances that inherently affect the accuracy and reliability of the judgment at issue such that relief is warranted under

Civ.R. 60(B)(5). Although the witnesses' recollections of the details differ in light of the passage of time, a witness during the postconviction proceedings summarized Attorney Burge's consultation with Dr. Swanson in a manner consistent with the new testimony: it was informal, Dr. Swanson was not retained, and it occurred because Dr. Swanson was married to co-counsel. This much was clear as a result of Attorney Burge's deposition during the postconviction proceedings, and it was not an abuse of discretion for the trial court to conclude that the information set forth in Dr. Swanson's affidavit did not undermine the accuracy and credibility of the judgment.

{¶14} Dovala's assignment of error is overruled.

III

{¶15} Dovala's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

SCHAFER, J.
CONCURS.

MOORE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

BARRY W. WILFORD and SARAH M. SCHREGARDUS, Attorneys at Law, for Appellant.

TIMOTHY J. MCGINTY, Prosecuting Attorney, and BRETT HAMMOND, BRENT KIRVEL, and T. ALLAN REGAS, Assistant Prosecuting Attorneys, for Appellee.