[Cite as *State v. McCarley*, 2024-Ohio-2050.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

WILLARD MCCARLEY

    Appellant

C.A. No.     30922

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 04 05 1674(A)

DECISION AND JOURNAL ENTRY

Dated: May 29, 2024

CARR, Judge.

**{¶1}** Defendant-Appellant Willard McCarley appeals the judgment of the Summit County Court of Common Pleas denying his motion to vacate pursuant to Civ.R. 60(B)(5). This Court affirms.

I.

**{¶2}** This matter has a lengthy procedural history that began after the mother of McCarley's son was found dead in her apartment in 1992. In 2004, McCarley was arrested and charged with aggravated murder. *See State v. McCarley,* 9th Dist. Summit No. 28657, 2018-Ohio-4685, ¶ 2, 6. A jury found him guilty, but his conviction was reversed on appeal. *Id.* at ¶ 6.

**{¶3}** The matter proceeded to a second jury trial. McCarley was again found guilty, and this Court affirmed his conviction on appeal. *Id.* at ¶ 7. After pursuing relief in federal courts, McCarley was granted a third trial. *See id.* at ¶ 8-9. The jury found McCarley guilty, and this Court affirmed his conviction. *See id.* at ¶ 1, 9-10.

{¶4}    In January 2019, McCarley filed a petition for post-conviction relief.  The State opposed the motion, asserting it should be dismissed.  In April 2020, the trial court denied the petition and granted the State's motion to dismiss.  In May 2023, McCarley appealed the ruling to this Court.  However, shortly thereafter, he filed a motion to dismiss the appeal, which this Court granted.

{¶5}    In August 2023, McCarley filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5) with respect to the ruling on his petition for post-conviction relief.  In the motion, McCarley argued that the ruling on the petition for post-conviction relief was sent via email and inadvertently went unopened.  While McCarley asserted that an affidavit establishing the same accompanied his motion, there were no attachments to McCarley's motion.  McCarley maintained that his counsel did not discover the decision until February 2023.  The State opposed the motion.  In October 2023, the trial court issued a decision denying McCarley's motion.  It concluded it was untimely and that McCarley failed to demonstrate that he had a meritorious defense.

{¶6}    McCarley has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY NOT GRANTING [MCCARLEY'S] MOTION
FOR RELIEF FROM JUDGMENT[.]

{¶7}    McCarley argues in his sole assignment of error that the trial court erred in denying his Civ.R. 60(B)(5) motion to vacate the entry denying his petition for post-conviction relief.

{¶8}    "We review a trial court's decision applying Civ.R. 60(B)(5) for an abuse of discretion, which signifies not just an error in law or judgment, but an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court." *State v. Dovala*, 9th Dist. Lorain No. 14CA010692, 2016-Ohio-1349, ¶ 6.  "Civ.R. 60(B)(5) is a catch-all provision reflecting the

inherent power of a court to relieve a person from the unjust operation of a judgment that must be invoked by substantial grounds." (Internal quotations and citations omitted.) *Id.* "The rule encompasses situations that involve unusual circumstances that, at the time of the judgment, were not disclosed to the parties, which inherently affect the accuracy and reliability of the judgment at issue. Unusual circumstances of this nature include fraud upon the court, judicial bias, and errors or omissions that transcend a mere error in judgment." (Internal quotations and citations omitted.) *Id.* It is also well established that "a motion filed pursuant to Civ.R. 60(B) may not be used as a substitute for appeal." *State v. Roberson*, 9th Dist. Lorain No. 23CA011971, 2024-Ohio-118, ¶ 9.

{¶9} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate that the movant has met each of three requirements as set forth by the Supreme Court of Ohio in *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976). Those requirements are:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*Id.* at paragraph two of the syllabus. "If the moving party fails to prove any of these three elements, then the trial court must deny the motion, otherwise it is an abuse of discretion." *Knox v. Dorsey*, 9th Dist. Summit No. 30509, 2023-Ohio-2151, ¶ 9.

{¶10} Here, the trial court concluded that McCarley's motion was not filed within a reasonable time. "[T]he issue of what constitutes reasonable time for filing the motion under Civ.R. 60(B) depends upon the facts of the case[.]" *Smith v. Smith*, 9th Dist. Summit No. 28961, 2019-Ohio-129, ¶ 17. "Nonetheless, [a] movant must offer some operative facts or evidentia[ry]

material demonstrating the timeliness of his or her motion." (Internal quotations and citations omitted.) *Id.*

**{¶11}** The trial court's entry dismissing the petition for post-conviction relief was filed April 17, 2020. McCarley did not file his motion for relief from judgment until August 22, 2023, over three years later. While McCarley claims his counsel was unaware of the ruling on the petition for post-conviction relief until February 2023, McCarley submitted no documentation in support of that argument, despite claiming that it was attached to his motion. Further, McCarley did not seek relief from the judgment until six months after learning of this issue and offered the trial court no explanation for that delay. *See Haley v. Haley,* 9th Dist. Summit No. 20720, 2002 WL 701937, *3 (Apr. 24, 2002), quoting *Youssefi v. Youssefi*, 81 Ohio App.3d 49, 53 (9th Dist.1991) ("In the absence of any explanation for the delay in filing the Civ.R. 60(B) motion, the movant has failed to meet its burden of establishing the timeliness of the motion.").

**{¶12}** Overall, even assuming that McCarley's motion was properly brought pursuant to Civ.R. 60(B)(5), we cannot say that McCarley has demonstrated that the trial court erred in concluding that McCarley's motion was not filed within a reasonable time. Thus, McCarley has likewise not demonstrated that the trial court abused its discretion in denying his motion. McCarley's assignment of error is overruled.

III.

**{¶13}** McCarley's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

WESLEY C. BUCHANAN, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.