[Cite as *State v. Harris*, 2025-Ohio-503.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

ISAIAH S. HARRIS, SR.

    Appellant

C.A. No.    24CA012109

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    08CR076357
                08CR075721
                08CR077230

DECISION AND JOURNAL ENTRY

Dated: February 18, 2025

STEVENSON, Presiding Judge.

**{¶1}** Defendant Appellant Isaiah Harris appeals from the judgment of the Lorain County Court of Common Pleas denying his motion for relief from judgment under Civ.R. 60(B)(5). This Court affirms.

I.

**{¶2}** The background of this case is set forth in our previous decision, *State v. Harris*, 2023-Ohio-1426 (9th Dist.) ("*Harris I*"). In *Harris I*, this Court outlined the pertinent facts, procedural history, and disposition as follows:

> In 2009, Mr. Harris was convicted of rape, aggravated burglary, intimidation, domestic violence, and violating a protection order. The charges against him arose from three incidents involving the same victim, and the cases were consolidated into a single bench trial. The trial court sentenced him to 23 1/2 years in prison. Mr. Harris appealed, and this Court affirmed his convictions. *State v. Harris*, 9th Dist. Lorain Nos. 09CA009605, 09CA009606, 09CA009607, 2010-Ohio-1081. On July 15, 2022, Mr. Harris petitioned the trial court for postconviction relief. The trial court dismissed his petition without a hearing. . . .

. . .

Revised Code Section 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal. The transcript in Mr. Harris's direct appeal was filed on September 28, 2009, but he filed his petition on July 15, 2022, well after the deadline provided by Section 2953.21(A)(2) passed.

"A petitioner [. . .] who files a petition more than 365 days after the trial transcript was filed in the court of appeals in his direct appeal [. . .] must satisfy the jurisdictional requirements in R.C. 2953.23(A)(1) or (2) for an untimely, second, or successive petition for postconviction relief." *State v. Hatton*, [], 2022-Ohio-3991, ¶ 37, citing *State v. Bethel*, [], 2022-Ohio-783, ¶ 20. *See also State v. Apanovitch*, [], 2018-Ohio-4744, ¶ 22. A trial court may only entertain an untimely or successive petition for postconviction relief when:

> Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

R.C. 2953.23(A)(1)(a). A petitioner, other than one who challenges a sentence of death, must also demonstrate by clear and convincing evidence "that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]" R.C. 2953.23(A)(1)(b). When the requirements of Section 2953.23(A)(1) have not been met, a trial court cannot consider an untimely or successive petition. *See Apanovitch* at ¶ 36. . . .

. . .

In this case, Mr. Harris argues that his petition was timely filed because he was unavoidably prevented from discovering evidence that forms the basis for his claims for relief under *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, Mr. Harris maintains that a number of police reports documenting occasions when the victim falsely alleged he had committed other offenses against her were not disclosed by the State. Mr. Harris acknowledges that his defense attorney had the reports by the time his trial commenced. . . .

. . .

. . . Mr. Harris, therefore, did not demonstrate that he was unavoidably prevented from discovering the facts upon which his petition relies. *See* R.C.

2953.23(A)(1)(a). His petition for postconviction relief was, therefore, untimely. *See* R.C. 2953.21(A)(2).

The trial court did not err by dismissing Mr. Harris's petition for postconviction relief[.]. . .

(Footnotes omitted.) *Id*. at ¶ 2, 4-6, 9, 11.

**{¶3}** On January 24, 2024, Mr. Harris moved for relief from judgment pursuant to Civ.R. 60(B)(5) and asked the trial court to vacate its order denying his petition for postconviction relief that was the subject of *Harris I*. In an order dated February 12, 2024, but not time-stamped until February 13, 2024, the trial court granted the State until March 8, 2024, to file a response to Mr. Harris's motion. The State filed its response on February 15, 2024. Mr. Harris then moved for default judgment against the State pursuant to Civ.R. 55(D) and Loc.R. 9(B) and to strike the State's opposition. The State opposed the motion. The trial court denied Mr. Harris's motion for default judgment, motion for relief from judgment, and motion to strike.

**{¶4}** Mr. Harris timely appealed and asserts four assignment of error for our review. We have rearranged his assignments of error for ease of analysis.

II.

**ASSIGNMENT OF ERROR II**

**ERROR TWO: [THE] LORAIN COUNTY TRIAL COURT ABUSED ITS DISCRETION BY: USING THE WRONG *CIV.R. 60(B)(3)* FRAUD ANALYSIS INSTEAD OF THE CORRECT APPLICABLE *CIV.R. 60(B)(5)* WHEN FRAUD UPON THE COURT IS PERPETUATED BY OFFICERS OF THE COURT. *AUSTIN V. PAYNE, 107 OHIO APP. 3d 818, AT 823 (9TH DIST. 1995).***

**{¶5}** Civ.R. 60(B) sets forth the grounds upon which relief from final judgments may be granted, stating in pertinent part as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time

to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. . . .

{¶6} In order to prevail on a motion under Civ.R. 60(B), the moving party must demonstrate the following: (1) the movant has a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc*., 47 Ohio St. 2d 146 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St. 3d 172, 174 (1994).

{¶7} "The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *Deutsche Bank Natl. Trust Co. v. Hughes*, 2018-Ohio-1041, ¶ 8 (9th Dist.). Under this standard, we must determine whether the trial court's decision "was unreasonable, arbitrary, or unconscionable." *Id*., citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Since *Blakemore*, the Ohio Supreme Court has provided additional guidance about the nature of an abuse of discretion:

> Stated differently, an abuse of discretion involves more than a difference in opinion: the term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that it evidences not the exercise

of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

(Internal citations and quotations omitted.) *State v. Weaver*, 2022-Ohio-4371, ¶ 24. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶8} We note as a threshold matter that Mr. Harris's petition for postconviction relief was not an appeal, but rather, "a collateral civil attack" on his judgment of conviction. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). A civil judgment denying his petition for postconviction relief was entered. For purposes of our analysis under this assignment of error, we will accept without deciding Mr. Harris's assertions in his Civ.R. 60(B) motion that he seeks relief from the order denying his civil postconviction relief petition and is not seeking to vacate the underlying judgment of conviction. Therefore, we will treat his motion as a Civ.R. 60(B) motion. *See State v. Hill*, 2023-Ohio-4486, ¶ 51 (11th Dist.).

{¶9} Mr. Harris claimed in his motion for relief from judgment that he was entitled to relief under Civ.R. 60(B)(5). The trial court reasoned as follows in denying Mr. Harris's motion:

> . . . [Mr. Harris] has not set forth any basis in his Motion for Relief from Judgment which demonstrates an excuse for his untimely post-conviction filing so as to give the Court jurisdiction to consider his Petition. [Mr. Harris] has failed to demonstrate a meritorious defense should relief be granted. Without that threshold showing, the Court's decision must necessarily remain unchanged.
>
> Further, [Mr. Harris] has continued to complain of alleged Brady violations regarding certain police reports, ineffective assistance of counsel and prosecutorial misconduct. As previously indicated, [Mr. Harris] conceded during his appeal that he had the reports at the time of his trial. His motion extensively quoted the trial transcript, and challenged his attorney's performance at trial. These issues were or could have been raised in his direct appeal and his other appeals of various rulings of the Court. These claims have also been rejected when raised. Even assuming that the Court had jurisdiction to consider his petition, the issues raised are not only barred by *res judicata* but they also do not provide evidence of a meritorious defense nor do they meet the criteria for the granting of post-conviction relief.

{¶10}  In addition, the trial court noted that while Mr. Harris did not specifically request relief under Civ.R. 60(B)(3), he argued extensively that fraud was present yet failed to comply with the requirement under the rule that a (B)(3) motion be filed no more than one year after the judgment or order was entered.

{¶11}  Mr. Harris argues that the trial court erred by using the wrong (B)(3) fraud analysis instead of the applicable "fraud upon the court" standard under the (B)(5) catch-all provision. Civ.R. 60(B)(5) "'involve[s] unusual circumstances that, at the time of the judgment, were not disclosed to the parties, which inherently affect the accuracy and reliability of the judgment at issue. . . . [and] include fraud upon the court, judicial bias, and errors or omissions that transcend a mere error in judgment.'" *State v. McCarley*, 2024-Ohio-2050, ¶ 8 (9th Dist.), quoting *State v. Dovala*, 2016-Ohio-1349, ¶ 6 (9th Dist.). Mr. Harris maintains that (B)(5) applies because court officials obstructed his case, preventing the *Brady* evidence from being used at trial.  Mr. Harris also points out that the (B)(5) analysis is subject to the more lenient "reasonable time" limit rather than the one-year time limit for claims under (B)(3). *GTE Automatic, Inc.*, 47 Ohio St. 2d 146 at paragraph two of the syllabus.  For the reasons that follow, we disagree with Mr. Harris.

{¶12}  First, the trial court's order specifically notes that Mr. Harris did not meet the threshold requirement under *GTE Automatic Elec., Inc.* of a meritorious defense. *Id*.  On that issue, Mr. Harris's motion for relief from judgment fails to set forth any reason that would constitute a defense for his untimely petition.  Mr. Harris also does not explain how the motion for relief qualifies as being brought within the more lenient "reasonable time."  "[T]he issue of 'what constitutes "reasonable time" for filing [a] motion under Civ.R. 60(B) depends upon the facts of the case[.]'" *Fairbanks Capital Corp. v. Heirs at Law*, 2005-Ohio-6459, ¶ 11 (9th Dist.) quoting *Stickler v. Ed Breuer Co.*, 2000 WL 218380 (8th Dist. Feb. 24, 2000), *3.  Nonetheless "'[a]

movant must offer some operative facts or evidentiary material demonstrating the timeliness of his or her motion.'" *Fairbanks Capital Corp.* at ¶ 11, quoting *In re Guardianship of Brunstetter*, 2002-Ohio-6940, ¶ 14 (11th Dist.). The trial court's order denying Mr. Harris's petition for post-conviction relief was filed on August 5, 2022. Mr. Harris offers no explanation as to why he waited until January 29, 2024, to file a motion for relief from judgment. As the *GTE Automatic, Inc.* test is a conjunctive one and Mr. Harris has failed to satisfy each of the requirements under that test, his motion was properly denied.

{¶13} In addition, Mr. Harris repeatedly cites to excerpts from the trial record to support his claims for relief, alleging that they show fraud, prosecutorial misconduct, and ineffective assistance of counsel. As those issues are a matter of record, they could have been raised in his direct appeal. Mr. Harris previously filed a direct appeal, a postconviction petition, and appeals therefrom which challenged those issues. *See Harris I*. His arguments have previously been rejected and are therefore barred under the doctrine of res judicata. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant from raising and litigating matters that were either raised or could have been raised either at the trial or on appeal from the judgment of conviction. *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). "It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 16. Therefore, the matters Mr. Harris complains of, which could have been challenged on direct appeal, are not properly the subject of a motion for relief from the judgment denying his post-conviction petition. Mr. Harris's second assignment of error is overruled.

**ASSIGNMENT OF ERROR III**

**ERROR THREE: [THE] LORAIN COUNTY TRIAL COURT ABUSED ITS DISCRETION BY: ALLOWING THE STATE TO FILE A LATE**

**RESPONSIVE PLEADING ABSENT A REQUEST FOR LEAVE UNITED WITH A DEMONSTRATION OF EXCUSABLE NEGLECT PURSUANT TO _CIV.R. 6(B), LOCAL RULE 9(B)._**

{¶14} In his third assignment of error, Mr. Harris argues that the trial court abused its discretion by allowing the State to file a late responsive pleading to his motion for relief from judgment without requesting leave. Although not styled in the context of Civ.R. 55 (Default), Mr. Harris's actual argument is that the trial court abused its discretion in denying his motion for default judgment.

{¶15} "The Ohio Supreme Court 'has long recognized the fundamental tenet of judicial review in Ohio that courts should decide cases on the merits.'" _State v. Brooks_, 2012-Ohio-1619, ¶ 8 (9th Dist.), quoting _State ex rel. Montgomery v. R & D Chem. Co._, 72 Ohio St.3d 202, 204 (1995). "[T]he granting of a default judgment, analogous to the granting of a dismissal, is a harsh remedy that should be imposed only when 'the actions of the defaulting party create a presumption of willfulness or bad faith.'" _Haddad v. English_, 145 Ohio App.3d 598, 603 (9th Dist. 2001) quoting _Russo v. Goodyear Tire & Rubber Co._, 36 Ohio App.3d 175, 179 (9th Dist. 1987). "This Court reviews a trial court's decision to grant or deny a motion for default judgment for an abuse of discretion." _Farakhan v. Wade_, 2018-Ohio-1170, ¶ 6 (9th Dist.). We incorporate by reference the abuse of discretion standard outlined _supra_.

{¶16} The trial court cited two reasons for denying Mr. Harris's motion for default judgment. First, the trial court ruled that the State's response was timely because it had been granted by court order until March 8, 2024, to file a response to Harris's motion for relief from judgment, and it was filed prior to that date, on February 15, 2024. Second, the trial court determined that Mr. Harris moved for default under Civ.R. 55(D)(Judgment against the state)

which did not apply to Harris's motion for relief from judgment because it was not a pleading as prescribed by Civ.R. 55.

{¶17} "[A] trial court possesses the 'inherent authority to control its own docket and manage the cases before it.'" *King v. Divoky*, 2021-Ohio-1712, ¶ 26 (9th Dist.), quoting *Holsopple v. Holsopple*, 2020-Ohio-1210, ¶ 18 (9th Dist.). "This Court reviews a trial court's orders regarding docket and case management for an abuse of discretion." *Id.* Mr. Harris's motion for relief from judgment was filed on January 29, 2024. In the exercise of its inherent authority, the trial court entered an order dated February 12, 2024, but time-stamped February 13, 2024, granting the State until March 8, 2024, to file a response to Mr. Harris's motion. The State's response was filed on February 15, 2024. On February 26, 2024, Mr. Harris filed his motion for default judgment under Civ.R. 55(D), arguing that the 14-day deadline for filing responses to motions under Civ.R. 6(C)(1) had passed by the time the trial court's entry granting the State until March 8, 2024, was filed.

{¶18} Under Civ.R. 6(C)(1), "[r]esponses to a written motion, other than motions for summary judgment, may be served within fourteen days after service of the motion." Pursuant to Civ.R. 6(A) (Time: Computation), 14 days from January 29, 2024, is February 12, 2024, the date printed on the trial court's order on the line captioned "date." Thus, while the order was not time-stamped until the next day, February 13, 2024, the face of the order reflects that it was dated within 14 days in compliance with Civ.R. 6(C)(1). Therefore, we cannot say that the trial court exhibited a "perversity of will" that constitutes an abuse of discretion simply because the order was not docketed until the next day. Accordingly, the court's order was not outside the time limits for the State to file its response under Civ.R. 6(C)(1). Since the State's response was filed well before the March 8, 2024, deadline set forth in the court's order, it was timely.

{¶19}  Second, Civ.R. 55 governs default judgment and applies to a party against whom a judgment for affirmative relief is sought who has "failed to *plead* or otherwise defend . . . ." (Emphasis added.) Civ.R. 55(A).  The trial court reasoned that under Civ.R. 7, pleadings are different than motions, and therefore, Civ.R. 55 was not applicable to a motion filed by a party in the course of litigation. As the State did not fail to "plead or otherwise defend" under Civ.R. 55, the trial court determined that Mr. Harris's motion for default judgment did not apply to the State's response.

{¶20}  We agree with the trial court.  As the trial court noted, "Pleadings" and "Motions" are defined separately in Civ.R. 7.  "Motions" are addressed under Civ.R. 7(B).  Civ.R. 7(A) defines "Pleadings" as follows:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Civ.R. 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

{¶21}  In *Wells Fargo Bank, N.A. v. Deel,* 2012-Ohio-3782, ¶ 10 (9th Dist.) we stated the following:

> Default, under both pre-Civil Rule decisions and under Civ.R. 55(A), is a clearly defined concept. *A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading.* As stated by the court in *Reese v. Proppe*, 3 Ohio App.3d 103, 105, [] (8th Dist.1981), *"[a] default by a defendant [ . . .] arises only when the defendant has failed to contest the allegations raised in the complaint* and it is thus proper to render a default judgment against the defendant as liability has been admitted or 'confessed' by the omission of statements refuting the plaintiff's claims. [. . .] " *It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or "otherwise defend[ing]" that a default arises. This rule applies to original claims as well as to counterclaims (Civ.R.55[C]),* and is logically consistent with the general rule of pleading contained in Civ.R. 8(D), which reads in part that "[a]verments in a pleading to which a responsive pleading is required [. . .] are admitted when not denied in the responsive pleading.*"

(Internal citations omitted.) (Emphasis added.) *See also, Bank of N.Y. v. Shirmeyer*, 2014-Ohio-1303, ¶ 16 (6th Dist.) (default judgment not an available remedy for failure to respond to motion for relief from judgment because Civ.R. 55(A) relief is proper only where a defendant to a complaint or counterclaim fails to file an answer or otherwise contest the allegations).

**{¶22}** Thus, we agree with the trial court that Civ.R. 55, when read together with Civ.R. 7, applies only to failure to respond to affirmative allegations in a complaint or counterclaim in the course of litigation and not to motions.

**{¶23}** Based on the foregoing, the trial court did not err in denying Mr. Harris's motion for default judgment. Mr. Harris's third assignment of error is overruled.

## ASSIGNMENT OF ERROR I

**ERROR ONE: [THE] LORAIN COUNTY TRIAL COURT ABUSED ITS DISCRETION BY: TREATING HARRIS['S] *CIV.R. 60(B)(5)* MOTION FOR RELIEF FROM JUDGMENT AS AN "IRREGULAR MOTION," AND RECASTING SAID MOTION INTO AN UNTIMELY POSTCONVICTION PETITION.**

## ASSIGNMENT OF ERROR IV

**ERROR FOUR: [THE] LORAIN COUNTY TRIAL COURT ABUSED ITS DISCRETION BY: THE TRIAL COURT TO CONCLUDE THAT HARRIS'S UNDERLYING PCR PETITION WOULD FAIL PURSUANT TO *R.C. 2953.21(2)(A) & R.C. 2953.23(A).***

**{¶24}** Mr. Harris's first and fourth assignments of error are moot in light of our disposition of his second assignment of error.

### III.

**{¶25}** Mr. Harris's second and third assignments of error are overruled. His first and fourth assignments of error are moot. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

HENSAL, J.
CONCURS IN JUDGMENT ONLY.

SUTTON, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

ISAIAH S. HARRIS, SR., pro se, Appellant.

TONY CILLO, Prosecuting Attorney, and LINDSAY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.